JUDGE SIMPSON
delivered the opinion op the court:
In this case an exception was filed in the county court to an executor’s settlement, but was overruled and the settlement sustained. An appeal was prayed to the circuit court, and the judgment of the county court was reversed. From the decision of the circuit court the executor has appealed to this court.
Only one item in the settlement was objected to. That item was a credit allowed the executor for a demand against the estate of his testator, which he had paid, and for which, the devisees contend, the'estate was not justly liable.
By a written agreement between the executor and the creditor, the claim of the latter was made the subject of an arbitration. The arbitrator to whom the matter was referred, made his award in writing determining the amount to which the creditor was entitled. That amount was paid by the executor, and for that payment the credit was allowed him, which was excepted to by the devisees.
On the part of the devisees, it is contended that since the adoption of the Code of Practice, no arbitration is binding on the parties unless it be made in the manner therein prescribed; and whether it be binding or not on other persons, that it is not binding, when made by a personal representative, on the devi-sees or distributees, but they may show that the award is not a correct decision of the matter in contest.
It was decided by this court that the statute of 1798, concerning awards, did not alter the common law of arbitration and award. (Logsdon vs. Roberts' Ex'ors, 3 Monroe, 256.) There is nothing contained in the provisions of the Revised Statutes or of the Code of Practice on this subject, which repeals the common law, or prohibits a submission under an agreement of the parties. The manner in which controversies may be sub *120 mitted to arbitration, under an order or rule of court, so that the award may be made the judgment of the court, is therein prescribed; but the common law on the subject is not altered, nor are parties prohibited from submitting their controversies to arbitration without the intervention of a court. Consequently, this objection to the award is not tenable. The executor had a right to submit the matter in dispute to arbitration.
The legal effect of the award is, however, a more serious question. At common law an executor or administrator might submit á matter in dispute between another and himself affecting the estate in his hands, but it was done at his own peril; the aw'ard was not binding on the persons who were entitled to the estate, and if the arbitrator decided incorrectly, the personal representative made himself individually responsible to them for the injury which the estate thereby sustained. (Bacon’s Ab., Arbitrament, C.)
Under the operation of this rule an executor had no inducement to submit a controversy concerning a demand, either in favor of or against the estate, to arbitration; but he was compelled in self-defense to settle all such controversies in a court of justice.
In modern times the submission of controversies to arbitration has been much more encouraged than it was anciently. It has been the policy of the law to favor the settlement of disputes in this maimer. It is attended with much less expense than the ordinary litigation in courts of justice, and is just as likely to result in a correct determination of the matters in controversy between the parties. Acts have been passed by the legislature for its encouragement, by permitting the parties to proceed under an order of court, so that the award, when made, could be entered as the judgment of the court, instead of compelling the parties, as at common law, to resort to an action for a failure to perform it.
The Code of Practice provides that the personal representative of a decedent may make a submission as therein provided for, touching the estate of such decedent; that any such submission made in good faith, and the award made thereupon, shall be binding, and entered as the judgment of the court; and *121 tbat such fiduciary shall not be responsible for any loss sustained by an award adverse to the interest he represents, unless the same be caused by his fault or neglect. (Section 499, sub-div. 4.)
This has produced a modification of the common law doctrine upon this subject, where the submission is made as provided for by the Code of Practice. There does not seem to be any good reason why the same effect should not be given to an award where the submission is made out of court by the parties themselves. No more danger of imposition on the estate of the decedent is to be apprehended in one case, than in the other. The order or rule of court is a mere form, and although the proceedings under such order or rule must be in conformity with the provisions of the law on the subject yet there is no substantial difference between an award thus made and one made under such terms as the parties themselves may prescribe by their agreement of submission. At least the difference is not so material as to render it probable that the ends of justice will be better promoted by one mode of proceeding than by the other; and as it is very important that all matters of controversy concerning the estate of a decedent should be settled with as little expense as possible, we are of opinion that an award, under a submission made by the personal representative out of court, should have the same effect which it has when made under the provisions of the Code of Practice. The personal representative will still be responsible for any loss which the estate may sustain in consequence of his fault or neglect; and the award will be liable to be impeached in a court of equity, as heretofore, for fraud in procuring it.
The award in this case must therefore be regarded as binding on the devisees, unless they have shown that it was obtained against the estáte of the testator in consequence of the negligence of the executor. This they have not attempted to do. Their effort has been to show that the decision of the arbitrator was not correct. The award cannot be assailed upon this ground; for if it could, every matter disposed of by an award might be re-litigated between the parties, and the award would be of no effect whatever. A mere error of arbitrators, *122 either as to law or fact, is no ground for setting aside their award. (Rudd and Ball vs. Jones et al., 4 Dana, 230.)
This item in the settlement was, however, objected to on another ground which is deemed valid. It was not verified by the claimant as required by the statute. The law is express that no demand against a decedent’s estate shall be paid by his personal representative, or allowed as a credit by any commissioner or court, which is not verified by a proper affidavit. (Revised Statutes, p. 341.)
The claimant was examined as a witness in the circuit court, and if he had stated in his evidence the facts which the statute requires him to state in his affidavit, it might have been sufficient to supply the defect; but he failed to do it, and consequently, the exception must be sustained on this ground.
It does not appear from the record upon what ground the exception was sustained in the circuit court; but by the judgment of that court the settlement was referred back to the county judge, and as the item in contest was improperly allowed, because of the want of the necessary affidavit, the judgment of the circuit court will have to be affirmed. The executor can still legalize the item excepted to by obtaining from the claimant such an affidavit in relation to it as the law requires. As the payment was made in good faith, and as it is obvious that the failure to require the claimant to verify his demand by affidavit was a mere oversight on the part of the executor, it would be manifestly unjust to subject him on that account to the loss of the credit, provided it be in his power to have the demand verified according to law.
Wherefore, the judgment is affirmed.