### John H. Nichols *vs.* City of Salem & others.

Want of notice to one owner of land over which a street is laid out by a city is no ground for issuing an injunction against the completion of the street at the suit of another landowner.

A city assessed to an individual, over whose land they had laid out a street so as to compel the removal of his buildings, a certain sum in lieu of all damages for the removal of said buildings. *Held,* that his remedy, if aggrieved, was by petition for a jury, and not by injunction.

A city, which, after laying out a street, unreasonably delays to complete it, is liable to indictment for the neglect, but not to injunction against completing the street.

BILL IN EQUITY, by the guardian of Mrs. Elizabeth Gardner, an insane person, for an injunction against the city of Salem and its officers, to prevent their taking her land to widen Washington Street. The opinion exhibits the whole case.

*S. B. Ives, Jr.* for the plaintiff.

*W. C. Endicott*, for the defendants.

This case was decided in June, 1860.

MERRICK, J.   From the record of proceedings of the mayor and aldermen of the city of Salem, appended to the bill, it appears that on the 25th of August 1851 a public highway was laid out over the land of Mrs. Gardner and the lands of other persons named therein.   The complainant denies the legal validity of these proceedings, because the heirs at law of James Hooper and their assignees were not duly notified by the mayor and aldermen, and because no damages were properly assessed in favor of Mrs. Gardner for taking part of her estate.

1. But the complainant cannot avail himself of the first of these objections.   The object of the notice required by the statute is to afford all parties interested an opportunity to be heard upon the question of the expediency of laying out the proposed way, and to adopt all legal measures which they may deem requisite to obtain just compensation for the damages they may sustain.   Those persons only therefore can object to any deficiency in the notice who have a direct interest in the location of the way.   *Stone* v. *Boston*, 2 Met. 228.   *Hancock* v *Boston*, 1 Met. 122.

2. If the adjudication of the mayor and aldermen, that " there be paid to Mrs. Elizabeth Gardner in lieu of all damages from the removal of her dwelling-house and bake-house the sum of five hundred dollars," was not satisfactory to her, she had a direct remedy under the provisions of the statute authorizing her to cause her damages to be ascertained and assessed by a jury.   Rev. Sts. *c.* 24, §§ 13, 76.

3. The highway having been duly laid out, it became immediately the duty of the city of Salem to cause all obstructions upon it to be removed, and to construct and prepare it so as to be safe and convenient for public use.   A reasonable time was to be allowed for that purpose ; but if delayed beyond such time, the city would be liable to indictment for its failure to comply with the requirements of law.   *Commonwealth* v. *Boston*, 16 Pick. 447.   No neglect of duty, however long continued, could exonerate the city from this obligation and liability.   Rev. Sts

*c.* 24, § 61; *c.* 25, §§ 24, 25.　*Commonwealth* v. *Upton*, 6 Gray, 473.

The ample remedy afforded by law to compel the city to construct the way and keep it in repair is a sufficient answer to the suggestion that parties whose lands are taken for a public highway are not entitled, by reason of the provisions of *St.* 1847, *c.* 259, to claim the damages assessed until the land shall be entered upon for the purpose of constructing it. An owner of land, who feels aggrieved by the assessment of damages by the judicial or municipal officers, is not required to postpone his application for a jury until the land is thus entered upon, but may immediately obtain a jury to revise the adjudication and assess the damages anew.

The prayer of the complainant for an injunction restraining the city and its officers from entering on the land of Mrs. Gardner to construct the way for public use cannot therefore be allowed, and the bill must be dismissed.