JUDGE ROBERTSON
delivered the opinion op the court.
It seems to this court that the circuit court erred in sustaining the demurrer and dismissing the petition by the appellants for enjoining the appellee’s judgment in ejectment against them.
The alleged oral agreement fixing a dividing line between the adjoining lands of the antagonist parties, not being, within the statute of frauds and perjuries, was specifically enforceable in equity; and this equitable matter, if established as a defense, would have defeated the action of ejectment; but as it was neglected or waived in that action it is not now available by petition, as attempted in this case. (Civil Code, secs. 14, 519; 18 B. Mon. 670.)
But while, for those reasons, the specific relief sought by the petition could not be obtained, nevertheless the general prayer entitles the appellants to a reversal of the judgment in ejectment, and a new trial of the action on the ground of the infancy of one of them, unrepresented by guardian, and not shown by the record of that action to be an infant.
This right to a new trial is secured by the 5th subdivision of section 579 of the Civil Code, in these words, in reference to the grounds of new trial: “Eor erroneous proceedings against an infant, married woman, or person of unsound mind, where the condition of such defendant *671 does not appear in. the record nor the error in the proceedings.”
Therefore, on this ground of title to a new trial of the ejectment, embraced within the range of the several prayers, the circuit court ought to have entertained the petition instead of dismissing • it.
"Wherefore the judgment is reversed, and the cause remanded for further proceedings.