### DAVID ELMS *v.* JESSE HUNT AND OTHERS.

**Arbitration and Award—Views of Attorney for One Party—Award.**

 The fact that the views of the attorney for one of the parties to an arbitration may have affected the action of the arbitrators, is not ground for disturbing the award, when the other party could have also had an attorney.

**Arbitration and Award—Common Law Arbitration.**

 A common law arbitration is as binding on the parties as if it had been made in pursuance of the statute.

**Arbitration and Award—Equitable Relief.**

 A party who has submitted the question of a boundary line to arbitration and lost, cannot resort to a court of equity for relief.

**Boundaries—Boundary Line—Parol Agreement.**

 A parol agreement fixing a dividing line is binding on the parties.

APPEAL FROM BUTLER CIRCUIT COURT.

January 20, 1874.

OPINION BY JUDGE PRYOR:

The award rendered at the instance of the parties to this controversy is a bar to the present proceeding. The object of this action is to settle the boundary of the lands owned by the appellant and

appellees so as to fix the true dividing line between them. The parties long prior to the institution of the action made in writing, submitted this question to arbitration, and selected two of their neighbors as arbitrators. They reported in writing, specifying the boundary in accordance with the award. The parties were present with their witnesses and title papers, and no objection whatever made to the proceeding. There is no charge of fraud or improper conduct on the part of the arbitrators and their award seems to have been the result of the exercise of an impartial judgment on the facts before them. It is insisted that one of the appellees was an attorney at the time and that his view of the law influenced the action of the arbitrators. This is no reason for disturbing the award. The appellant should have had his attorney also, and was advised by the arbitrators to employ one before the investigation commenced. It was known by him that appellees had employed counsel, and if he was willing to enter into the investigation without one it was his own fault. This is a common law arbitration and is as much binding on the parties as if made in pursuance of the statute. *Overly's Ex'r, v. Overly's Devisees,* 1 Met. 117. A parol agreement fixing a dividing line is binding on the parties. 6 Bush 669. That the parties failed to look to the question of title is immaterial, still it does not appear that the deed offered by appellant was rejected on the question of boundary, but on the contrary, one of the arbitrators says it was taken into consideration as well as the other evidence.

If the appellant intended resorting to a court of equity to aid him in fixing their dividing line, he should not have submitted the question to arbitration. After he has done so and lost, he has no claims upon a court of equity for relief.

Judgment *affirmed.*

*H. T. Clark,* for appellant.

*B. L. D. Guffy,* for appellees.