WILLIAM THRELKELD *v.* JOSEPH WINSTON.

[Abstract Kentucky Law Reporter, Vol. 2—63.]

**Establishing Boundary by Parol Agreement.**
    A parol agreement establishing the boundary between distinct tracts of land may be enforced in a court of equity.

APPEAL FROM KENTON CHANCERY COURT.

December 18, 1880.

OPINION BY JUDGE PRYOR:

Whether the judgment below was entered by reason of the motion or the demurrer, or was upon the merits of the case, is involved in doubt; but taking the view presented by counsel for the appellant that it was by reason of the demurrer, the judgment should be reversed. That a parol agreement establishing the boundary between

distinct tracts of land may be enforced in a court of equity was decided by this court in *Jamison v. Petit,* 6 Bush 669, and the present petition not only seeks to establish the boundary as agreed upon, but adds other reasons why the chancellor would interpose, that is, to prevent continued and repeated trespass on' the premises of the appellant by reason of the refusal of the appellee to abide by his agreement.  We have examined the facts of this case also, and upon a consideration of the testimony this court is the more inclined to suppose that the case went off on the demurrer or motion, and not on the merits.  There is nothing on the face of the petition showing the pendency of a similar action, and the case should have been considered below on its merits.

The judgment is therefore *reversed* and cause remanded.

This leaves the case open for additional testimony from either party.

*McKee & Finnell, for appellant.*

*Simmons & Schmidt, Benton & Benton, for appellee.*

    [Cited, *Campbell v. Campbell,* 23 Ky. L. 869, 64 S. W. 458.]