## Case No. 5,565.

### GOODYEAR v. CONGRESS RUBBER CO. et al.

[3 Blatchf. 449.] 1

Circuit Court, S. D. New York. March 19, 1856.

PATENTS—LICENSE FOR SPECIFIED PURPOSE—VIOLATION OF TERMS OF LICENSE — TRANSFER OF LICENSEE'S RIGHTS — RIGHTS OF THE PARTIES—LICENSE TARIFFS—LIEN.

1. G., a patentee, gave an exclusive license to D. to use his patent for a specified purpose

1 [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

only, D. covenanting not to use it for any other purpose, and to pay G. a specified tariff. D. used the patent for other purposes. G. then sued D., in New Jersey, to restrain the violation of the patent, and obtained a decree for an accounting before a master. After the rendering of the decree, C., with knowledge thereof, took from D. a conveyance of said license. C. went on making the article covered by the license, and refused to pay G. what D. owed him for violating said covenant, or to account to G. for the amount due from D. for tariffs under the license. G. now filed a bill against D. and C., to set aside the conveyance as fraudulent, or that C. be permitted to retain it only on condition that he should pay to G, what D. owed him for breach of said covenant, and the amount of the tariffs due to G. under the license: Held, on demurrer by C. to the bill, that G. had no lien on the license; to secure the tariffs, and, therefore, that the bill set up no title or equity as against C., as respected the amount due from D. at the time of the conveyance to C.

2. The unpaid tariffs due from D. to G. afforded no ground for enjoining C. from acting under the license, and whether the conveyance from D. to C. was fraudulent or not, was not material as it respected G.

3. As respected any attempt to evade the New Jersey decree, the question could not arise until that decree became final.

4. The bill could not be sustained against C., either to aid in enforcing that decree, or in collecting from D. the amount of tariffs due from him to G. at the time of the conveyance from D. to C.

5. But, as the bill averred that C., though still making the article covered by the license, refused to pay tariffs therefor: Held, that C. took the license subject to the obligation to pay the specified tariffs on what he should make under it.

6. The bill was sufficient to compel C. to pay the tariffs due for his use of the license, or be enjoined from its use.

[Cited in Magic Ruffle Co. v. Elm City Co., Case No. 8 949; McKay v. Smith, 29 Fed. 296; Shipman Engine Co. v. Rochester Tool Works, 34 Fed. 747.]

This was a bill in equity, brought by [Charles Goodyear] a citizen of Connecticut against [Horace H. Day] a citizen of New York, and a corporation created by the laws of New York, and four other citizens of New York, as corporators of said corporation. The defendants demurred to the bill. The facts sufficiently appear in the opinion of the court.

James T. Brady, for plaintiff.
Francis B. Cutting, for defendants.

INGERSOLL, District Judge. The bill shows that the plaintiff was the inventor of "a new and useful improvement in the processes for the manufacture of India-rubber," which was secured to him by a patent; that, subsequently thereto, he entered into a contract with the defendant Day, under seal, by which he licensed Day to use the improvement patented, for manufacturing shirred or corrugated goods, in consideration of the sum of $10,000, although but $5,000 were actually paid, and also in consideration of a covenant on the part of Day, that, so long as the plaintiff should protect Day in the

exclusive right to manufacture such shirred goods, Day would not manufacture any other articles of vulcanized rubber except such as were provided for in the covenant, and that Day would pay the plaintiff three cents for every square yard of shirred goods made by him; that Day has been protected by the plaintiff in the exclusive enjoyment of the privilege of manufacturing shirred goods; that, soon after said covenant was entered into, Day commenced to manufacture and sell India-rubber goods secured by said patent, other than shirred goods, contrary to his covenant; that, thereupon, the plaintiff filed his bill, in the circuit court of the United States in New Jersey, against Day, to restrain him from any further violation of the plaintiff's rights, as secured by said patent and by said covenant; that said cause in New Jersey came on to be heard on pleadings and proofs, and that it was therein decreed that an account be taken of the damages which the plaintiff had sustained by reason of the violations by Day of the plaintiff's rights, and that he be directed to pay what might be found due to the plaintiff under said covenant, and that Day produce his books and accounts before the master appointed by the court for that purpose, and submit himself to a personal examination before the master, touching the matters specified in the decree; that, before the rendition of the decree, and during the pendency of the suit in New Jersey, Day fraudulently conveyed away all his property in New Jersey, and that, after the rendition of the decree, he fraudulently conveyed his right acquired by the contract with the plaintiff, to the defendants, the Congress Rubber Company; that, since said fraudulent transfer, the Congress Rubber Company continue to manufacture shirred goods, claiming to have the right which Day acquired by the contract with the plaintiff, and refuse to pay the plaintiff the amount due from Day to him for the violation of his covenant, or to account with the plaintiff for the amount due from Day for tariffs under the contract with the plaintiff; that there is due to the plaintiff, in the suit pending in New Jersey, from Day, not less than $100,000; that he has put all of his property out of his hands fraudulently, and with the intent to defeat the decree obtained by the plaintiff in New Jersey; that the plaintiff has no means to realize said amount, except out of the property fraudulently transferred by Day; and that the Congress Rubber Company, when they took the fraudulent transfer from Day, had full notice of the suit pending in New Jersey, and of the decisions that had been made therein, and of the rights of the respective parties thereto. The bill prays, among other things, that the assignment made by Day to the Congress Rubber Company, of the agreement between the plaintiff and Day, may be decreed to be fraudulent and void as against the plaintiff, and be set aside and annulled as

against him, or that the Congress Rubber Company be permitted to retain such agreement only on condition that they pay the amount of the damages which Day owes to the plaintiff for the breach of said covenant, and for the violation of the rights of the plaintiff secured by said patent, and the amount of the tariffs due to the plaintiff under the agreement made between him and Day, and that the Congress Rubber Company and Day be enjoined from parting with, disposing of, incumbering, or in any way using, the right under said agreement granted by the plaintiff to Day, until Day or the Congress Rubber Company shall have accounted with and paid over to the plaintiff the damages due to him for the breach of the said agreement, and the tariffs due under the same.

By the agreement entered into between the plaintiff and Day, by which Day was licensed to manufacture and sell shirred or corrugated goods under the plaintiff's patent, upon the terms therein expressed, and which agreement is made a part of the bill, Day had a right to sell and assign to whom he pleased the rights vested in him by that agreement.

The object contemplated by the bill is, to deprive Day and his assigns, the Congress Rubber Company, of all benefit from the license to manufacture shirred or corrugated goods under the license granted by the plaintiff to Day, unless or until they pay the amount of damages which Day owes to the plaintiff for the breach of his covenant and the violation of the plaintiff's rights, and to be recovered in the suit in New Jersey, and unless or until they pay the amount of tariffs due to the plaintiff for the manufacture of shirred or corrugated goods under the agreement entered into between the plaintiff and Day, when the plaintiff licensed Day and his assigns to manufacture and sell such goods. The question raised by the demurrer to the bill is, whether the bill is sufficient for this object, either wholly or in part. It appears by the bill, that the subject matter of complaint in the suit in New Jersey was, that Day had manufactured and was manufacturing large quantities of India-rubber goods, which were composed of rubber and sulphur, and white lead and its oxides, and which were completed and finished by the application of a high degree of artificial heat, according to the process patented by the plaintiff, and which were other goods than such goods as, by the license, Day might lawfully make, to the great injury of the plaintiff, and that the plaintiff sought redress in that suit for that injury. It also appears, that it was decided, in that suit, that Day should be permitted to retain his agreement with the plaintiff, and should be bound by its conditions, and that it was ordered that an account be taken of the damages which the plaintiff had sustained by reason of the violations of his rights by Day, and that Day should pay over whatever might be found due to the plaintiff

under said covenant, or for the damages which the plaintiff had sustained by the violation of his patent contrary to the covenant.

At a previous term of this court, the plaintiff made a motion for a preliminary injunction, in pursuance of the prayer of the bill. The motion was founded on the bill, and on certain affidavits, and was denied. In disposing of that motion, the court decided certain points, which have a controlling bearing upon the questions presented by the demurrer. It decided, first, that Goodyear had no lien on the agreement between him and Day, to secure the tariffs stipulated therein, and that, therefore, no title or equity was set up in the bill, against the Congress Rubber Company, as it respected the amount due from Day, under the agreement, at the time of the assignment; second, that the unpaid tariffs due from Day to Goodyear, afforded no ground for enjoining the Congress Rubber Company from acting under the contract, and, that whether the assignment from Day to the Congress Rubber Company was fraudulent or not, was not material, as it respected Goodyear; third, that, as it respected the alleged attempt to evade the decree of the circuit court of the United States for New Jersey, the question could not arise until that decree became final, and that, till then, no one could assert, legally speaking, what it had been, or what steps might be necessary to enforce it. It would follow, therefore, from the opinion given by this court, in disposing of the motion for a preliminary injunction, and which opinion must govern the question now presented, that the bill cannot be sustained against the Congress Rubber Company, either for the purpose of aiding in the enforcement of the decree which, at some future time, may be passed against Day by the circuit court in New Jersey, or for the purpose of collecting from Day the amount of the tariff which was due from him to Goodyear at the time of the assignment from Day to the Congress Rubber Company. If, therefore, it cannot be sustained for any other purpose, it must be adjudged to be insufficient.

The bill alleges, not only that Day, prior to the assignment by him to the Congress Rubber Company, manufactured shirred goods under the license, and refuses to pay the tariff agreed to be paid, but, also, that the Congress Rubber Company, since said assignment, "pretend that they have acquired the right to use the complainant's invention, for the purpose of manufacturing shirred goods, and, under such pretence, the said company, and others confederated with them, have continually, since the said transfer, been engaged in manufacturing shirred goods, and selling the same, and refuse to pay the complainant not only the damages which Day owes for the violation of his agreement, but refuse, also, to account with the complainant for the amount due him by Day for tariff under said agreement." And the prayer of the bill is, among other things, that the Congress Rubber Company be permitted to retain such agreement granting a license, and which they have by assignment from Day, only on condition, among other things, that they pay the amounts of tariff due to the plaintiff under said agreement, that is, only on condition that they, among other things, pay the amounts of tariff due to the plaintiff for the manufacturing of shirred goods by them under said license, since the same was assigned by Day to them. The question involved in this part of the case, as thus presented, does not appear to have been decided by the court in disposing of the motion for a preliminary injunction.

When the Congress Rubber Company took, by assignment from Day, the license granted by the plaintiff to Day and his assigns, to manufacture shirred goods under the plaintiff's patent, they took it with the incumbrance attached to it. That incumbrance was a duty and obligation to pay to the plaintiff three cents for every square yard of shirred goods manufactured by them by virtue of the license. When, therefore, after the assignment, the Congress Rubber Company manufactured, by virtue of the license, a quantity of shirred goods, there was a duty and obligation resting upon them, to pay to the plaintiff a tariff of three cents for every square yard of such goods manufactured. It appears, by the bill, that they have, since such assignment, manufactured, and that they continue to manufacture, such shirred goods, and that they refuse to perform such duty and obligation.

When a license is granted to any one, to use a patent in the manufacture of goods, which license is accompanied with an obligation in favor of the patentee, on the part of the one to whom it is granted, to do or not to do a particular thing, and which obligation is the consideration upon which the license is granted, he upon whom the obligation rests, must perform it, and, if he will not perform it, an injunction will be granted, to restrain him from any further right to use the patent under the license. Woodworth v. Weed [Case No. 18,022]; Wilson v. Sherman [Id. 17,833]. The bill is, therefore, sufficient for the purpose of compelling the Congress Rubber Company to pay the tariffs due to the plaintiff since the assignment by Day to them. With this view of the case, the demurrer must be overruled.

NELSON, Circuit Justice. I have examined the opinion prepared by my Brother INGERSOLL, and am inclined to think that there is enough in the bill and prayer to sustain the ground taken by him. The bill may bear the construction of a charge that the Congress Rubber Company refuse to pay the tariffs accruing under their use of the patent, with a corresponding prayer. The present case is, on principle, somewhat stronger than Woodworth v. Weed and Wilson v. Sherman [supra], as it stands upon general equitable prin-

ciples, the court having jurisdiction from the residence of the parties.

[Patent No. 3.633 was granted to C. Goodyear, June 15, 1844; reissued December 25, 1849 (No. 156). For other cases involving this patent, see note to Goodyear v. Central R. Co., Case No. 5,563.]