WILLIAM J. MANN *vs.* FRANK H. WILLIAMS & another.

Suffolk.   Nov. 11, 1886. — Jan. 10, 1887.   HOLMES & GARDNER, JJ.,
absent.

A. agreed in writing to sell, and B. agreed to buy, a certain number of shares of
stock in a certain corporation. *Held*, in an action by A. against B. for the
breach of an agreement to purchase the shares, that the writing was an admis-
sion on the part of B. of the existence of the corporation.

CONTRACT for breach of an agreement to purchase the shares
of stock named in the following written memorandum, executed
in two parts :

" 200 shares.   Boston, Nov. 10, 1881.   I have sold to F. H.
Williams & Co. two hundred shares of the stock of the Milton
Mining and Milling Company, at one and thirty-three one-hun-
dredth dollars per share, payable and deliverable, buyer's option,
sixty days, with interest at the rate of six per cent per annum.
W. J. Mann."

" 200 shares.   Boston, Nov. 10, 1881.   I have bought of W.
J. Mann two hundred shares of the stock of the Milton Mining
and Milling Company, at one and thirty-three one hundredth
dollars per share, payable and deliverable, buyer's option, sixty
days, with interest at the rate of six per cent per annum.   F. H.
Williams & Co."

Answer, a general denial.   Trial in the Superior Court, be-
fore *Bacon*, J., who allowed a bill of exceptions in substance as
follows :

The plaintiff proved that the parties entered into the agree-
ment as set forth in the foregoing memorandum, but submitted
no evidence as to the organization of any company, corporation,
organization, or association known as the Milton Mining and
Milling Company.

After the plaintiff had rested his case, the defendants re-
quested the judge to rule that, upon the evidence, a verdict
must be entered for the defendants for the following reasons :
" 1. Because no evidence other than the certificates of stock of the
company, purporting to be duly issued, and the original contract
executed by the parties, has been introduced to prove the exist-
ence of any organization, corporation, company, or association

that had any right to issue the shares of stock, the price of which the plaintiff seeks to recover in this action. 2. Because no evidence other than the certificates of stock of the company, purporting to be duly issued, and the original contract executed by the parties, has been introduced to show the existence of the subject matter of this contract, the price of which the plaintiff seeks to recover in this action. 3. Because the plaintiff has not proven that any corporation or organization was ever duly and legally organized, authorized to issue certificates, for the payment of which this action was brought. 4. The plaintiff has not shown that the certificates were duly issued by any corporation or association legally organized."

The judge refused to give the instructions requested by the defendants; and ruled that the making of this contract by these parties recognized the existence of this corporation and the subject matter of this contract, and that no other proof of the same was necessary. The jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

*G. L. Wentworth*, for the defendants.

*W. B. French*, for the plaintiff.

FIELD, J. The memorandum of purchase signed by the defendants was evidence of an admission by them that there was a " Milton Mining and Milling Company," which issued what were called by the parties shares of stock, which the defendants bought. If there were such shares, the objection does not seem to have been taken that the certificates offered were not genuine, or were not certificates of what was generally known and called shares of stock of the Milton Mining and Milling Company, or were not what was intended by the parties to the contract.

*Exceptions overruled.*