PAPER STOCK DISINFECTING COMPANY *vs.* BOSTON
DISINFECTING COMPANY.

Suffolk.    March 6, 1888. — June 22, 1888.

Present : MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*License under Letters Patent — Assignment — Implied Promise to pay Royalty.*

The owner of a patent licensed the use of it in consideration of a royalty to
be paid to him, and on condition that the license might be revoked upon non-
payment, and authorized the licensee to assign the same in consideration of like
payment by the assignee. The licensee assigned the license subject to all the
conditions and agreements therein contained and the assignee used the patent
under the license. *Held*, that the licensee impliedly promised to pay the roy-
alty, and that his assignee by accepting the license also promised to pay the
royalty to such owner.

CONTRACT to recover certain royalties for the use of a patent.
Trial in the Superior Court, without a jury, before *Mason*, J.,
who allowed a bill of exceptions in substance as follows.

The plaintiff introduced in evidence an instrument in writing,
signed by the plaintiff alone, and dated May 12, 1885, which,
after reciting that the plaintiff was the owner of letters patent
for a new and useful improvement in apparatus for disinfect-
ing baled rags and other fibrous materials, and that John W.
Holmes was desirous of acquiring a license under such letters
patent, proceeded as follows :

" Now, therefore, this agreement witnesseth, that for and in
consideration of the sum of one dollar to it in hand paid, and
of a royalty of one dollar per ton of two thousand pounds on
all rags or paper stock disinfected by the use of said apparatus
and process, to be hereafter and during the full term of said
letters patent, and each and every one of them, and of any and
all reissues thereof, well and truly paid to it by said John W.
Holmes, his heirs and executors, administrators, and assigns, the
said Paper Stock Disinfecting Company doth hereby license,
authorize, and permit the said John W. Holmes, his heirs, ex-
ecutors, and administrators, and assigns, solely to make and use
the said improvement in apparatus for disinfecting baled rags
and other fibrous materials, and solely and exclusively to use

the said improvement in the process of disinfecting rags and other fibrous materials in bales under the said letters patent in any and all parts of the State of Massachusetts, and in no other place or places. To have and to hold the license hereby granted to the said John W. Holmes, his heirs, executors, administrators, and assigns, as a license only, and under the conditions and limitations hereinbefore expressed, to the full end of the term for which the said letters patent are or may be granted.

"And the said John W. Holmes, for valuable consideration, hereby covenants and agrees, for himself, his heirs, executors, administrators, and assigns, to and with the said Paper Stock Disinfecting Company, its successors and assigns, that the entire license, authority, and permission hereby granted shall cease and be of no force or effect, but be totally revoked and cancelled, unless he or they shall well and truly account for and pay over to the said Paper Stock Disinfecting Company, its successors and assigns, one dollar per ton of all rags or paper stock disinfected by him or them from the use of said new and useful improvements, and of each thereof, in any and all parts of the State of Massachusetts, such royalty to be accounted for and paid over as often as once every three months, and full and correct accounts to be kept of all rags or paper stock disinfected; and in case said John W. Holmes, his heirs, executors, administrators, or assigns, shall at any time neglect or refuse to pay over the said royalty of one dollar per ton as aforesaid within fifteen days after written notice requiring such payment, it shall be lawful for said Paper Stock Disinfecting Company, its successors and assigns, to file in the Patent Office a revocation of this license, and the same shall thereupon be revoked, and shall cease and determine, anything hereinbefore contained to the contrary notwithstanding."

The plaintiff also introduced in evidence another instrument in writing, signed by Holmes alone, and dated July 9, 1885, which, after reciting the ownership of the letters patent by the plaintiff and the above license to Holmes, stated that the Boston Disinfecting Company was desirous of acquiring the license, and of engaging in the business of manufacturing, using, and selling the patented apparatus, and of making and using the process and concluded as follows: " Now, therefore, I, John W. Holmes,

party of the first part, for, and in consideration of the sum of sixty thousand dollars lawful money of the United States, to me in hand paid by the said Boston Disinfecting Company, party of the second part hereto, by issuing to me at par six hundred shares of its capital stock, the receipt of which is hereby acknowledged, have assigned, sold, and set over, and do hereby sell, assign, convey, transfer, and set over, unto the said party of the second part, the said license and all my estate, right, title, and interest therein and thereto, and to all the estate, rights, powers, and privileges thereby given, granted, or conferred. To have and to hold the same unto the said party of the second part, its successors and assigns, as fully to all intents and purposes as I might have or hold the same if these presents were not executed; subject, however, to the limitations, conditions, stipulations, covenants, and agreements therein contained."

It was admitted by the defendant, that it had disinfected by the steam process mentioned a number of bales which, at one dollar per ton of two thousand pounds, would amount to the sum claimed to be due; but the defendant did not admit any liability to pay such sum, or any sum, to the plaintiff.

Upon this evidence, the defendant requested the judge to rule that the plaintiff could not maintain the action, but the judge refused so to rule, and found for the plaintiff; and the defendant alleged exceptions.

*C. A. Prince*, for the defendant.

1. The form of the action is implied assumpsit, and it is essential, to entitle the plaintiff to maintain his action, that privity of contract should be established between the parties. *Carter* v. *Gault*, 13 Pick. 531. *Ladd* v. *Rogers*, 11 Allen, 209. *Hills* v. *Snell*, 104 Mass. 173. *New York & New England Railroad* v. *Sanders*, 134 Mass. 53. No such privity is established in the present case, and the facts do not support an implied assumpsit.

No contract will be implied in addition to an express contract. *Brown* v. *Fales*, 139 Mass. 21, 28. 1 Chit. Con. (11th Am. ed.) 89. No contract will be implied against the express declaration of a person upon whom no duty is imposed by law. *Earle* v. *Coburn*, 130 Mass. 596. So no contract will be implied where no such contract is plainly intended.

The instrument, though called a license, is really a grant of an undivided interest in the patent, since it gives the sole and exclusive right to use the process in a specified section or territory, to the exclusion of every one else. Curtis on Patents, § 212. Walker on Patents, § 287. *Potter* v. *Holland*, 4 Blatchf. 206, 211. The subsequent provisions merely make the title of Holmes terminable upon the non-payment of royalty, and the assignment by Holmes also looks to the power of revocation contained in the license to him as a means of enforcing the payment of the royalty without any such promise.

2. If any promise by the defendant can be implied to pay for the use of the process, it can only be implied to Holmes, and through him to the plaintiff. In this aspect the plaintiff stands in the position of a person for whose benefit a promise has been made, and who is a stranger to the consideration, and he must bring himself within the rule laid down by Gray, C. J., in *Exchange Bank* v. *Rice*, 107 Mass. 37, 41. See *Rogers* v. *Union Stone Co.* 130 Mass. 581; *Morse* v. *Adams*, and *Clement* v. *Earle*, 130 Mass. 585, note. The plaintiff comes within none of the exceptions to this rule. *Brewer* v. *Dyer*, 7 Cush. 337, where a lessor was allowed to maintain an action for rent against a party who had promised the lessee of a shop in writing to take his lease, which was under seal, and pay the rent to the lessor according to its terms, is probably no longer law in this Commonwealth. See *Exchange Bank* v. *Rice*, 107 Mass. 43; Taylor, Land. & Ten. (7th ed.) § 155, note.

A patent right is personal property. *Shaw Relief Valve Co.* v. *New Bedford*, 19 Fed. Rep. 753. If a man leases personal goods, and the lessee covenants for himself and his assigns to pay the rent, and then assigns, the covenant does not bind the assignee, as a contract cannot be annexed to goods so as to follow the property in the goods, either at common law or in equity. *Spencer's case*, 1 Smith's Lead. Cas. (8th ed.) 68, 103. Pollock, Con. (Wald's ed.) 224. See *Wilde* v. *Smith*, 8 Daly, 196, 202.

3. No promise can be implied from the fact that the defendant had the use of the process. *Hills* v. *Snell*, 104 Mass. 173. *Boston Ice Co.* v. *Potter*, 123 Mass. 28. The right to use the process had been parted with to Holmes, and the defendant was not using the plaintiff's property.

4. If any contractual relation can be said to exist between the plaintiff and defendant, it must grow out of the assignment of the use of the process to the defendant through Holmes, who had been licensed by the plaintiff. The license or grant is, however, still in force, the plaintiff not having exercised its right to revoke it. The plaintiff's remedy, if it has any, must therefore be on such express contract, and not in assumpsit; for the law is clear, that, where an express contract still remains open, the remedy is on it, and the plaintiff cannot recover on an implied contract. *Moulton* v. *Trask,* 9 Met. 577. *Fitzgerald* v. *Allen,* 128 Mass. 232. *Chesapeake & Ohio Canal Co.* v. *Knapp,* 9 Pet. 541, 565. *Hawkins* v. *United States,* 96 U. S. 689, 697.

*J. R. Reed,* for the plaintiff.

W. ALLEN, J. The license was by deed poll to " John W. Holmes, his heirs, executors, administrators, and assigns," in consideration of the one dollar in hand paid, " and of a royalty of one dollar per ton " on all rags disinfected by the use of the invention, " to be hereafter and during the full term of said letters patent . . . well and truly paid to it by said John W. Holmes, his heirs and executors, administrators, and assigns." There was added a condition in the form of a covenant by Holmes, his representatives or assigns, that, if they did not account for or pay the royalty, the license should be of no force or effect, and might be revoked. Holmes subsequently by deed poll assigned the license to the defendant, " subject, however, to the limitations, conditions, stipulations, covenants, and agreements therein contained." The action is brought to recover royalties which have become due from the use of the patent by the defendant.

The first objection is, that there is no agreement or promise to pay the royalties; that the plaintiff's only remedy to enforce their payment is to revoke the license for breach of the condition. The license was expressed to be given in consideration of payments to be made by Holmes, and its acceptance by him raised an implied promise by him to pay the consideration. *Pike* v. *Brown,* 7 Cush. 133. *Locke* v. *Homer,* 131 Mass. 93, and cases cited. The other objection is, that there is no privity of contract between the plaintiff and the defendant. We think this objection cannot be sustained.

The plaintiff had the exclusive right to permit the use of the invention by others. It might permit the use by Holmes personally, or by him and such persons as he should designate. The license was to him and to any person whom he might substitute for himself as assignee. An assignee of Holmes would use the invention by permission of the plaintiff, and under its license. *Bower* v. *Hodges*, 13 C. B. 765. The assigns of Holmes are designated as licensees, and are named as parties who are to pay the consideration and perform the condition. The obvious meaning of the instrument is, that the consideration shall be paid, and the conditions performed, by the party who shall use the invention under the license by the original licensee when it is used by him, and by the assignee, the substituted licensee, when he becomes a party. It provides for licensing assignees, in consideration of a royalty to be paid by them to the licensor, as truly as it licensed Holmes in consideration of a royalty to be paid by him, and a promise by the assignee to the licensor to pay the consideration is implied from the acceptance of the license by the assignee, as a promise by the original licensee is implied from the acceptance by him.

The question does not arise whether the assignee would have been bound by the covenants of the licensee if he had executed the instrument of license with covenants. No question in regard to maintaining an action upon a promise made to a third person is involved. The proposition that a person receiving property from an owner who holds it subject to a condition to pay money to a third person comes under obligation to the third person to pay the money to him, does not fully express the liability of the defendant. The case may be stated thus. An owner of a patented invention licenses A. to use the invention in consideration of a royalty to be paid to the licensor, and on condition that the license may be revoked if the royalty shall not be paid, and authorizes A. to assign the license in consideration of the payment of the royalty by the assignee to the licensor. A. assigns the license to B. subject to all the conditions and agreements therein contained, and B. uses the invention under the license. By accepting the assignment, B. must be held to have accepted the license, and promised the licensor to pay the royalty to him. *Goodyear* v. *Congress Rubber Co.* 3 Blatchf. 449.

See *Felch* v. *Taylor*, 13 Pick. 133; *Maine* v. *Cumston*, 98 Mass. 317; *Swasey* v. *Little*, 7 Pick. 296; *Brewer* v. *Dyer*, 7 Cush. 337; *Exchange Bank* v. *Rice*, 107 Mass. 37, 42; *Barney* v. *Newcomb*, 9 Cush. 46; *Lowry* v. *Adams*, 22 Vt. 160.

*Exceptions overruled.*