WILLIAM H. LINCOLN & another, executors, *vs.* ALICE
H. BURRAGE.

Suffolk.   November 13, 1900. — January 3, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

A. owned *two adjoining lots of land on a street in Boston. On one of them he built
a house with a party wall, half of which was upon his adjoining lot. A.'s exec-
utors under a power in his will conveyed the lot with the house on it to B. and
later conveyed the adjoining lot to C. inserting in C.'s deed the following clause:
" Said grantee, by accepting this deed, agrees for himself, and his heirs, and
assigns, to pay to said executors, or their successors in said trust from time to
time, the value at the time of use of so much of said party wall standing on
the described premises, including the piling and foundations under the same, as
he or they may at any time use." Subsequently D. bought both of the lots,
pulled down the house and built a new house over both lots, using the party
wall to support a partition. Held, that A.'s executors could not recover from
D. the value of one half the party wall, the promise of C. not running with the
land, and there being no implied contract on the part of D.*

APPEAL from a decree of the Superior Court sustaining the
defendant's demurrer to the declaration. Writ dated July 6,
1899.

The declaration alleged that the plaintiffs, as executors of
the will of Frank N. Thayer, deceased, by virtue of the powers
conferred upon them under said will, conveyed to Franklin T.
Rose by deed dated November 9, 1883, a certain parcel of land
in Boston on the corner of Commonwealth Avenue and Hereford
Street, bounded westerly on land conveyed by said executors to
Richard C. Flower, through the middle of the brick party wall;
" that in said deed it was provided as follows : ' Said grantee, by
accepting this deed, agrees for himself, and his heirs, and as-
signs, to pay to said executors, or their successors in said trust
from time to time, the value at the time of use of so much of
said party wall standing on the described premises, including
the piling and foundations under the same, as he or they may
at any time use.'

" At the time of said conveyance there stood upon the prem-
ises described in said deed, one half of a party wall constructed
by the said Thayer at his own expense, but said premises were

not otherwise built upon, and so remained until the same were purchased by the defendant.

" Thereafter, on or about January 17, 1899, the defendant purchased the said lot of land, and also the adjoining lot conveyed by said executors to said Flower, as aforesaid, and the same were conveyed to her, subject to the agreement above recited.

" The defendant then proceeded to tear down the dwelling house erected on the said adjoining lot, and to construct a building covering both of the said lots, and to erect a wall upon the said foundations, and in place of the said party wall.

" That the defendant was bound by the terms of said agreement, and having torn down the said party wall for the purpose of erecting a building on said premises, and having used the piling and foundations under the same, for the purpose of erecting another wall thereon, became liable to the plaintiffs for the value of the whole [one half] of said party wall, piling and foundations, which, at the time of use thereof, were of the value of $1,500."

The defendant demurred to the declaration.

The case was heard in the Superior Court by *Bell*, J., who sustained the demurrer and ordered judgment for the defendant; and the plaintiffs appealed to this court.

*W. D. Turner*, for the plaintiffs.

*B. G. Davis*, for the defendant.

HOLMES, C. J.   The acceptance by Rose of the conveyance to him implied a promise by him to pay for the party wall at the time of use.   Although not a covenant, under our decisions such a promise might be held, in equity if not at law, to follow the analogy of covenants running with the land in a case to which that analogy would apply.   *Whittenton Manuf. Co.* v. *Staples*, 164 Mass. 319.   But it is most unusual to see a covenant under which the rights are held in gross and the burdens go with the land.   We suspect that it would be hard to find in the books another case like *Middlefield* v. *Church Mills Knitting Co.* 160 Mass. 267, 272.   Compare further *Walsh* v. *Packard*, 165 Mass. 189, 192.   Leaving cases of landlord and tenant on one side, commonly, where the burden of a covenant goes with the land, the covenant either creates a servitude or a re-

striction in the nature of a servitude in favor of a neighboring parcel, or else is in some way incident to and inseparable from such a servitude ; or, if attached to the dominant estate, appears to be the *quid pro quo* for the easement enjoyed. *Savage* v. *Mason*, 3 Cush. 500. *Richardson* v. *Tobey*, 121 Mass. 457. *Norcross* v. *James*, 140 Mass. 188, 191. *King* v. *Wight*, 155 Mass. 444. *Whittenton Manuf. Co.* v. *Staples*, 164 Mass. 319.

In the present case Rose's assumpsit did not purport to be for the benefit of the owner for the time being of the adjoining land. The deed which he accepted showed that his grantors had conveyed that land so that they could not annex a promise to it, and disclosed no interest on their part to secure compensation for use of the party wall to their grantee. On the contrary the stipulation is in favor of the executors making the conveyance " or their successors in said trust from time to time " showing in the clearest way that the benefit of the promise was intended to be personal, and a postponed compensation to the estate for the use of a wall which the testator had built. This is the construction upon which this action is brought. But if the promise is personal on the side of the benefit, no reason whatever is shown for departing from the tradition of the law in order to make it follow the land with its burden, as we have already said. Indeed, the words of Rose's promise are satisfied if they be read as a personal promise to pay whenever he or his assigns may use the wall. Furthermore it never is to be forgotten that under all circumstances it is an anomaly requiring explanation when an active duty is other than personal and is attached to land. See *Norcross* v. *James*, 140 Mass. 188, 189, 190 ; *Cole* v. *Hughes*, 54 N. Y. 444. This difficulty is felt so strongly in England that when a duty to pay for a party wall is recognized between owners who have not contracted together personally, it seems likely that it will be worked out in terms of implied contract, as it was in *Irving* v. *Turnbull*, [1900] 2 Q. B. 129. See also *Maine* v. *Cumston*, 98 Mass. 317, 320 ; *Standish* v. *Lawrence*, 111 Mass. 111, 114 ; *Richardson* v. *Tobey*, 121 Mass. 457, 459, 460.

The plaintiffs put their argument in the form last suggested. But we do not see any reason why a change in the fiction should enlarge their rights. In fact the defendant did not contract with the plaintiffs. Any ground upon which she should be held

liable in contract would be a fiction. In the present case, where the plaintiffs have no interest in the property used by the defendant, it is no better to say that a contract is implied than to say that it runs with the land. If a covenant by Rose in the form of the stipulation set forth would not have bound his assigns, even under our law which permits the burden of such covenants to be transferred, and if therefore there was no obligation on the defendant arising from Rose's simple contract on the analogy to such a covenant, we conceive that we should be unwarranted in saying that a contract by the defendant was to be implied simply from the fact of that same contract by Rose and the defendant's succession to his title.

It is not quite clear that there are any further facts which might strengthen the plaintiffs' case on this latter ground of implied contract. It is not quite clear that the defendant actually contracted even with her grantor. It does not appear that her grantor was Rose. If both these facts be assumed to have been in the form most favorable for the plaintiffs, while it may be that slight circumstances would be laid hold of to avoid circuity and to establish a privity of contract between the parties to this suit, still it would be difficult to imply a contract in favor of the plaintiffs simply on the ground that a contract was made with somebody else. In the cases which have gone farthest the first step has been that both lots have been conveyed under an arrangement which contemplated reciprocal benefits and burdens between the two. *Maine* v. *Cumston* and *Irving* v. *Turnbull, ubi supra.*

Perhaps a word should be said of a case properly enough not cited at the argument, *Paper Stock Disinfecting Co.* v. *Boston Disinfecting Co.* 147 Mass. 318, where a promise was implied on the part of the assignee of a license under a patent granted by deed poll containing a stipulation for payment. In that case the license was revocable on failure to pay as agreed, and as a license in its nature is not an estate but a personal permission, it was quite reasonable to say that the defendant really accepted it from the plaintiff, although through a third person, and by doing so impliedly but actually agreed to pay for it according to its terms.

*Judgment affirmed.*