Abraham Orenberg *vs.* Frederick E. Johnston, executor.

Norfolk.        October 10, 1929. — November 27, 1929.

Present: Rugg, C.J., Pierce, Wait, Sanderson, & Field, JJ.

*Deed*, Construction, Covenant. *Contract*, Performance and breach, For the sale of real estate.

A provision in a deed of land by a religious corporation owning no other real estate to which any easement, or right in the nature of an easement or servitude, could be appurtenant as a dominant tenement, contained the following covenant: "The grantee consents and agrees as part of the consideration hereof to keep the tower clock [in a building on the premises] in its present position or substantially so or to erect it in some other public and conspicuous place in" the locality. *Held*, that

(1) Such covenant created only a personal obligation in the grantee;

(2) A deed by the grantee to one purchasing from him, which purported to convey only the title he had acquired by his deed from the religious corporation, satisfied the requirement of an agreement with the purchaser that he should convey to him "a good and clear title . . . free from all encumbrances."

In an action by such purchaser, after he had refused to accept a conveyance on the ground that the above provision was an encumbrance,

to enforce repayment of a deposit which he had made under the terms of the agreement, the mere possibility that some one not a party to the proceeding might subject a purchaser of the property to litigation did not entitle the plaintiff to recovery.

CONTRACT. Writ dated April 26, 1926.

In the Superior Court, the action was heard by *Brown*, J., without a jury, upon an agreed statement of facts. It appeared that Harvard Church in Charlestown was a religious corporation. Other material facts are stated in the opinion. The judge found for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*W. P. Murray & I. E. Simons*, for the plaintiff.

*S. Sigilman*, for the defendant.

SANDERSON, J. This is an action to recover money paid by the plaintiff under an agreement, for the sale and purchase of land with the buildings thereon, entered into with George T. Horan, trustee under a declaration of trust. Since the action was begun Horan has died and Frederick E. Johnston, the executor of his will and his successor in the trust, has been made defendant.

The agreement provided that Horan would convey the real estate to the plaintiff "by a good and sufficient quitclaim deed . . . conveying a good and clear title to the same free from all incumbrances, except . . . two (2) leases" which are described in the agreement, and that if the defendant should be unable to give such title any payments made under the agreement would be refunded. The title to the real estate was derived by Horan from the Harvard Church in Charlestown by deed dated January 17, 1905, and duly recorded, which contained the following provision: "The grantee consents and agrees as part of the consideration hereof to keep the tower clock in its present position or substantially so or to erect it in some other public and conspicuous place in Charlestown to be approved by the City of Boston." Until this conveyance was made, the Harvard Church was the sole owner of the property in fee simple free from all encumbrances. The parties agreed that Horan was able and willing to convey

to the plaintiff the title acquired by him under that deed in performance of the contract with the plaintiff, but was unable and unwilling to convey the real estate except in so far as he was seised of it by, through and under that deed.

The parties further agreed that, before the date of completing the transaction, Horan through his attorney stated to counsel for the plaintiff that he was able and willing to execute and deliver to the plaintiff a deed of the real estate conveying .the title acquired by virtue of the deed of the Harvard Church 'free from all encumbrances except those set forth in the agreement. Counsel for the plaintiff, being of the opinion that the defendant could not make such conveyance of the real estate until he had been released from the obligation imposed upon him by the provision quoted from the deed, or until the real estate should have been freed from the encumbrance, easement, servitude, lien or cloud, took the position that the plaintiff would not accept a deed from the defendant unless he was so released or the real estate was so freed. The parties then agreed that the plaintiff need not make demand for a deed and that his rights under or arising out of the agreement to recover the money deposited should not be thereby prejudiced; that the defendant need not make tender of a deed, and that his rights arising out of the agreement to retain the $2,000 should not thereby be prejudiced. After its conveyance to Horan, the Harvard Church had no other real estate to which any easement, or right in the nature of an easement or servitude, could be appurtenant as a dominant tenement.

The question to be decided is, whether the provision quoted from the deed prevented the defendant from conveying a good and clear title free from all encumbrances. The plaintiff contends that the language created an obligation enforceable in equity upon purchasers subsequent to the original grantee and that, if this contention cannot be maintained, the court should hold that the title is not free from doubt in that a purchaser may be exposed to litigation by parties not now before the court.

If the promise in regard to the clock was intended to

be for the benefit of others than the grantor, it would be unenforceable by them. "The general rule of law is, that a person who is not a party to a simple contract, and from whom no consideration moves, cannot sue on the contract, and consequently that a promise made by one person to another, for the benefit of a third person who is a stranger to the consideration, will not support an action by the latter." *Exchange Bank of St. Louis* v. *Rice,* 107 Mass. 37, 41. On this principle it has been held that a reservation in favor of one who is a stranger to the deed is void. *S. K. Edwards Hall Co.* v. *Dresser,* 168 Mass. 136, 138. *Hazen* v. *Mathews,* 184 Mass. 388, 393. *Haverhill Savings Bank* v. *Griffin,* 184 Mass. 419, 421. If the benefit of the promise was intended to be for the Harvard Church, the obligation would not attach to and follow the land. ". . . it is most unusual to see a covenant under which the rights are held in gross and the burdens go with the land . . . commonly, where the burden of a covenant goes with the land, the covenant either creates a servitude or a restriction in the nature of a servitude in favor of a neighboring parcel, or else is in some way incident to and inseparable from such a servitude; or, if attached to the dominant estate, appears to be the *quid pro quo* for the easement enjoyed . . . . But if the promise is personal on the side of the benefit, no reason whatever is shown for departing from the tradition of the law in order to make it follow the land with its burden . . . . Furthermore it never is to be forgotten that under all circumstances it is an anomaly requiring explanation when an active duty is other than personal and is attached to land." *Lincoln* v. *Burrage,* 177 Mass. 378, 379, 380.

"When . . . it appears by a fair interpretation of the words of a grant that it was the intent of the parties to create or reserve a right, in the nature of a servitude or easement, in the property granted, for the benefit of other land owned by the grantor, and originally forming with the land conveyed one parcel, such right· will be deemed appurtenant to the land of the grantor and binding on that conveyed to the grantee, and the right and burden thus

created will respectively pass to and be binding on all subsequent grantees of the respective lots of land . . . . A court of equity will give full effect to the stipulation, on the complaint of a party for whose benefit and protection, as owner of the land, the stipulation was intended." *Whitney* v. *Union Railway,* 11 Gray, 359, 365.

The fact that there is no other land to which the promise concerning the clock could be annexed makes it unenforceable either at law or in equity against any successor in title of Horan. *Badger* v. *Boardman,* 16 Gray, 559. *Bronson* v. *Coffin,* 108 Mass. 175. *Sharp* v. *Ropes,* 110 Mass. 381. *Peck* v. *Conway,* 119 Mass. 546. *Skinner* v. *Shepard,* 130 Mass. 180. *Kennedy* v. *Owen,* 136 Mass. 199. *Pearson* v. *Bailey,* 177 Mass. 318, 320. *Hazen* v. *Mathews,* 184 Mass. 388, 394. *Stewart* v. *Alpert,* 262 Mass. 34, 37, 38. We have treated the question as though the only obligation assumed was to keep the clock in its present position. The alternative obligation to erect it in some other public or conspicuous place is one which obviously has no relation to the real estate conveyed. The manifest intention was to create only a personal obligation.

This case involves the construction of a deed with no controverted question of fact to be decided, and we are of opinion that there is no reasonable doubt that the title which Horan and his successor were prepared to give was a good and clear title. In such a situation the mere possibility that some one not a party to this proceeding might subject the owner of the property to litigation does not justify the plaintiff in contending that the money paid on account of the purchase price should be returned to him. *Hill* v. *Levine,* 252 Mass. 513, 517, and cases cited.

Upon all of the evidence we are constrained to hold that the agreement concerning the clock imposed no more than a personal obligation on Horan and that upon the agreed facts the defendant was ready, willing and able to convey the title for which the agreement called. The plaintiff is therefore not entitled to the relief sought.

*Exceptions overruled.*