## SEBEUS C. MAINE *vs.* WILLIAM CUMSTON.

A., being owner of two adjoining open lots of land, agreed in writing to convey one to B., his heirs and assigns, on the following condition: "So long as said lot remains unoccupied, B., his heirs and assigns, shall permit, free of charge, the proprietor of each adjoining lot who may build, to erect one half of the thickness of division wall on said lot," and "B., his heirs and assigns, shall pay to the said proprietor so erecting said wall, a proportional part of the cost thereof for such part of said wall as said B., his heirs or assigns, may use or occupy," and "B., his heirs and assigns, shall, when he erects or they erect a building on said lot, build one half of the thickness of division wall on each adjoining lot which may be unoccupied." B. assigned this agreement to C., who built a house on the lot and erected half of the thickness of one of its division walls on A.'s open lot adjoining. A. then conveyed to C. the lot so built upon, by deed repeating the condition, and reciting that the house had been built in conformity therewith; and C. conveyed it to D. "subject to the conditions contained in the deed of the same from A." After this house was built, E. took from A. a written agreement for the sale and conveyance of the adjoining lot on a similar condition, and, after the date of the conveyance from C. to D., built a house thereon, and in so doing used the part of D.'s division wall thereon standing; and A., at E.'s request, then conveyed the lot to F. *Held,* that E. was liable to D. for the cost of that part of the wall which E. used.

CONTRACT for the cost of half of a division wall. In the superior court the following facts were agreed :

On May 16, 1859, the city of Boston, in consideration of a bond of William E. Blanchard for payment of a certain sum of money, executed a written agreement to convey to him, his heirs or assigns, a lot of land on Worcester Square, numbered 37 on a plan of similar (including the adjoining) lots owned by the city and not built upon, which agreement contained the following condition : " So long as said lot remains unoccupied by a building, the said Blanchard, his heirs and assigns, shall permit, free of charge, the proprietor of each adjoining lot who may build, to erect one half of the thickness of division wall on said lot numbered 37, and the said Blanchard, his heirs and assigns, shall pay to the said proprietor so erecting said wall, a proportional part of the cost thereof for such part of the said wall as he, the said Blanchard, his heirs or assigns, may use or occupy; and the said Blanchard, his heirs and assigns, shall, when he erects or they erect a building on said lot, build one half of the thickness

of division wall on each adjoining lot which may be unoccupied."
On September 4, 1860, under a power contained in the agree-
ment, Blanchard, by an instrument indorsed thereon, directed the
city "to convey the within described premises, subject to the
within terms and conditions, to Samuel T. Ames or his as-
signs;" and Ames then built a house on the lot, and, in so
doing, erected the half of the division wall in question on the
adjoining lot numbered 36.   The city then conveyed the prem-
ises to Ames by deed dated September 5, 1861, containing a
repetition of the conditions expressed in the agreement of May
16, 1859, and setting forth that "the building now standing on
said lot 37 has been erected in conformity with the requirements
of the foregoing conditions;" and Ames, on December 14, 1861,
conveyed the premises "with all the privileges and appurte-
nances to the same belonging," "subject to the conditions, restric-
tions and reservations contained in the deed of the same from
the city of Boston to said Ames," to David W. Cunningham,
who by a similar deed conveyed them to the plaintiff.

On October 16, 1862, the city executed to the defendant an
agreement for the sale of the adjoining lot numbered 36, con-
taining a condition as to that lot similar to the condition above
quoted from the agreement of the city with Blanchard; and
thereupon the defendant took possession of the lot, and in the
spring of 1863, after the conveyance by Cunningham to the
plaintiff, built a house thereon, and in so doing used that part
of the division wall of the plaintiff's house which had been built
thereon.   On November 23, 1863, after the defendant had fin-
ished his house, the city, at his request, conveyed lot 36 to one
Horswell, and the defendant never had a deed thereof.   After
this, the plaintiff made demand of the defendant for the cost of
one half of said division wall.   This demand was refused, but
subsequently, on like demand by Ames, the defendant paid to
Ames said amount.

On these facts, judgment was ordered for the plaintiff; and
the defendant appealed.

J. P. Healy, for the plaintiff.

J. P. Converse, for the defendant.

BIGELOW, C. J. We have no doubt of the liability of the defendant for the cost of the partition wall which he made use of in constructing the house on the lot of land adjoining that of the plaintiff. The property in the whole wall passed to the plaintiff by the deed under which he claims title. So far as it was erected on land which belonged to the city and which the defendant agreed to purchase, it was placed there by consent of the city, the owner of the fee, under an agreement that it should there remain, as part of the house now belonging to the plaintiff, until it was used as a partition wall by the owner of the lot on which it stood. Construing the contract of the parties according to their intent and with reference to the subject matter, it is clear that the rights and obligations of the purchaser of the plaintiff's lot, and of the city, as to a partition wall which might be erected on the premises under the stipulations contained in the bond and deed from the city, were to belong to and be binding on those who should subsequently become owners or entitled to build on the two adjacent lots on which such partition wall might be built.

The plaintiff, under his deed, which contained an express reference to the terms of the original purchase from the city, had a right to maintain the whole wall as part of his house, until the city or some one claiming title under the city built on the adjacent land and made use of the partition wall or some part of it. When that took place, then the plaintiff's property in that part of the wall on the adjacent lot ceased, except so far as he might claim a right or easement of support in it as a partition wall, and he became entitled to recover the cost of its erection. He can recover this cost of the defendant, because the latter accepted a bond and agreement of the city which contained an express stipulation that he should pay it whenever he erected a building on the land on which the wall stood. The doctrine is perfectly well settled, that, when a party accepts a deed-poll or instrument in the nature of a deed-poll, by which he obtains a right or interest in property on condition or with a stipulation that he shall pay a sum of money or perform a certain duty, he becomes thereby bound to pay the money or perform the

duty.   Not having signed and sealed the deed, he is not liable for breach of covenant; but by accepting the deed he assumes the performance of the condition or stipulation, from which the law will imply a promise on which an action may be maintained.   *Guild* v. *Leonard,* 18 Pick. 511.   *Newell* v. *Hill,* 2 Met. 180.   *Pike* v. *Brown,* 7 Cush. 133.

*Judgment for the plaintiff.*