JOHN B. MARTIN & another *vs.* ELLEN DRINAN.

Suffolk. March 8. — April 5, 1880. ENDICOTT & SOULE, JJ., absent.

An agreement, by the grantee in a deed poll, to keep in repair a building on adjoining land of the grantor, is not a covenant, and will not sustain an action by a subsequent grantee of the adjoining land.

CONTRACT for breach of an alleged covenant contained in a deed from William Williams to the defendant.

At the trial in the Superior Court, before *Wilkinson*, J., it appeared that the plaintiffs and the defendant were owners of adjacent estates, and the privies hereinafter referred to were both on the estate of the plaintiffs; that Williams was originally the owner of both estates, and, in 1863, conveyed to the defendant her estate by a deed poll in the usual form, which contained, after a description by metes and bounds, one of which was on an arched passageway, the following clause: " With all the privileges and appurtenances, especially a right in said arched passageway, and in the two water-closets or privies adjacent to said passageway, and next to the land hereby conveyed, the grantee agreeing for herself, her heirs and assigns, to keep the same in repair, and pay all expenses connected therewith or incident thereto;" and that subsequently Williams conveyed to the plaintiffs the estate upon which the privies were situated, with all the rights, privileges and appurtenances thereto belonging, said conveyance being subject to the privileges and rights in the deed to the defendant.

The plaintiffs contended that the defendant had broken her covenant to keep the privies or water-closets in repair; and introduced evidence tending to show that, in May 1877, the privies were out of repair, that the defendant neglected to repair them, and that the plaintiffs repaired them.

The defendant asked the judge to rule that the plaintiffs could not recover, because the provision in the deed from Williams to her, if a covenant at all, was not a covenant running with the land. The judge so ruled; and the plaintiffs alleged exceptions.

*J. C. Park*, for the plaintiffs. The defendant's agreement is contained in a sealed instrument, and is a covenant. The plaintiff stands in Williams's place and stead, with all his rights, as well as subject to all his obligations. There is a privity between the plaintiff and the defendant. *Morse* v. *Aldrich*, 19 Pick. 449. *Torrey* v. *Wallis*, 3 Cush. 442, and cases cited.

*G. W. McConnell*, (*G. A. Bruce* with him,) for the defendant.

GRAY, C. J. The agreement to repair buildings upon land adjoining the defendant's, being contained in a deed poll to her, and not being under her seal, is not a covenant, and this action is in the nature of assumpsit on the promise implied from the acceptance of the deed. *Maine* v. *Cumston*, 98 Mass. 317, 320, and cases cited. It would be difficult, if not impossible, to maintain the action against an assign of the promisor. *Parish* v. *Whitney*, 3 Gray, 516. *Bronson* v. *Coffin*, 108 Mass. 175, 186. And it is quite clear that it cannot be maintained in the name of an assign of the promisee. *Standen* v. *Chrismas*, 10 Q. B. 135. *Bickford* v. *Parson*, 5 C. B. 920.

*Exceptions overruled.*