CLARA B. CHILDS & others *vs.* BOSTON AND MAINE RAILROAD.

Franklin.    September 17, 1912. — November 25, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & DeCOURCY, JJ.

*Way,* Private.    *Deed,* Construction.    *Equity Jurisdiction,* To enforce equitable easement.

The owner of a farm conveyed by deed to a railroad corporation land partly within the railroad location of the grantee which divided the farm of the grantor. The deed contained at the end of the description of the land conveyed the following provision: "And it is understood and agreed that the said company are . . . to make me a good and sufficient crossing for carting across said railroad near my bar place or at such other place as we can agree upon." Soon after the conveyance a crossing was constructed, which was used by the grantor until he conveyed his farm to another, who thereafter used the crossing until it was closed by the successor of the railroad corporation. In an action of tort for the obstruction of the alleged right of way, *it was held,* that the clause could not operate as an exception, because it created a new right of way, nor as a reservation of an easement in fee because the word "heirs" was not used, so that the action at law could not be maintained; but *it was said,* that the clause created an equitable easement founded on contract which could be enforced in equity.

TORT against the Boston and Maine Railroad for the alleged wrongful obstruction of a right of way claimed by the plaintiffs across a railroad location of the defendant at Deerfield.    Writ dated April 15, 1910.

In the Superior Court the case was tried before *Fessenden,* J. The facts are stated in the opinion.    The deed from David W. Childs to the Connecticut River Railroad Company was dated March 6, 1846.    The clause which is quoted in the opinion was at the end of the description of the land conveyed and was followed by the habendum clause.    The whole of the clause was as follows: "And it is understood and agreed that the said Company are to erect a good and sufficient fence on the East and west side of said last lot — and on the West side of the first lot and maintain the same and to make me a good and sufficient crossing for carting across said rail road near my bar place or at such other place as we can agree upon.    Also a passage over near the north end for my cows to pass over."

The judge ordered a verdict for the defendant; and the plaintiffs alleged exceptions.

*W. A. Davenport*, for the plaintiffs.

*D. Malone*, for the defendant.

RUGG, C. J. This is an action of tort for the obstruction of an alleged right of way over a location occupied by the defendant. In 1846, David W. Childs, owning a farm through which the Connecticut River Railroad had been located recently, conveyed to that corporation land partly included within its location by a deed containing this language: "And it is understood and agreed that the said company are . . . to make me a good and sufficient crossing for carting across said railroad near my bar place or at such other place as we can agree upon." There is nothing in the record to show that there was any crossing in existence at this time, and whatever inference may be drawn from the language of the deed tends to show that there was none. But one was made soon after, and used continuously until it was closed in 1907 by the defendant, who has succeeded to the rights of the Connecticut River Railroad Company. In 1876 David W. Childs conveyed his farm to one Stebbins, who later deeded a portion to the predecessor in title of the plaintiffs.

The plaintiffs have argued that they have the way in question by necessity. But the facts do not support this contention. Their land is accessible by highway, and though this means of approach is less convenient than the one here claimed, it does not appear to be such as to deprive them of reasonable use of their land. It follows that there is no way by necessity. *Feoffees of Grammar School in Ipswich* v. *Proprietors of Jeffrey's Neck Pasture*, 174 Mass. 572.

There is no evidence requiring a finding that there is a right of way by prescription. The deed of David W. Childs to the Connecticut River Railroad Company gave him, at least, a right to use the way during his occupation of the farm as owner, and hence no adverse use began before 1876. Therefore, there was not the requisite period of use to establish a prescriptive right before the passage of St. 1892, c. 275 (now St. 1906, c. 463, Part II, § 125) which prohibited the acquisition of such rights of way by prescription.

The important question is the construction of the clause in

the Childs' deed to the railroad which has been quoted.    An easement of a right of way can be created only by grant, express or implied, or by prescription which rests on the fiction of a lost grant, *Drew* v. *Wiswall,* 183 Mass. 554, or by exception in a conveyance which carves out the easement from a larger estate and, retaining that in the grantor by virtue of his original ownership, passes to the grantee an estate thus encumbered.    *Wood* v. *Boyd,* 145 Mass. 176.    The clause in the present deed can not operate by way of exception because it created a new right of way not before used or existing, the burden of fashioning which was placed upon the railroad company.    *White* v. *New York & New England Railroad,* 156 Mass. 181.    *Hamlin* v. *New York & New England Railroad,* 160 Mass. 459.    *Simpson* v. *Boston & Maine Railroad,* 176 Mass. 359.    *Walker Ice Co.* v. *American Steel & Wire Co.* 185 Mass. 463, 470.    *Foster* v. *Smith,* 211 Mass. 497, 503.    The language cannot be construed as a reservation of an easement in fee, and thus as an implied grant, because of the omission of the word "heirs," which is essential to the creation of any estate greater than a life estate.    *Ashcroft* v. *Eastern Railroad,* 126 Mass. 196.    *Bean* v. *French,* 140 Mass. 229.    *Hogan* v. *Barry,* 143 Mass. 538.    A technical easement in fee is not shown. The clause is in form an agreement.    It is in a deed poll and not in the form of a technical covenant sealed by the grantee.    Hence, under the decisions it is not a covenant running with the land, and no action of contract lies between the owners of the estates subsequent to the original contracting parties.    *Maine* v. *Cumston,* 98 Mass. 317.    *Martin* v. *Drinan,* 128 Mass. 515.    *Kennedy* v. *Owen,* 136 Mass. 199.

The position of the stipulation in the instrument at the end of the description and its substance both indicate that the performance of it by the Connecticut River Railroad Company was a substantial part of the consideration for the conveyance. The grantor was the owner of a farm, which has been divided by the location of the railroad.    Access from one part to another of his farm which theretofore had been free was seriously interfered with by the railroad location.    Unless provision was made for the crossing, the value of his land would be greatly diminished.    The property was so situated and of such a character that it was likely to continue for a long time to be

valuable chiefly for agriculture. It is hard to believe that the farmer would have made a conveyance to a railroad company of the fee of land, a part of which apparently lay outside the railroad location, without securing or intending to secure to himself a right of way which would join his dismembered farm. These were the circumstances of the parties when they made the written agreement. Interpreting the language in the light of their situation at the time they used it (as ought to be done in order to understand what they meant), it appears to express an intent that the right of way should continue to exist, not merely during the life of the grantor, nor during his occupancy, but in perpetuity for the benefit of the two tracts of land into which the farm unit, as it was before the location of the railroad, had been severed. See *Bronson* v. *Coffin*, 108 Mass. 175, 180; *Norcross* v. *James*, 140 Mass. 188. It is a contract occurring in a deed in the defendant's chain of title, and being a matter of record binds the estate of the defendant. As it does not create a technical legal easement, an action of tort does not lie for an encroachment upon it. *Claflin* v. *Boston & Albany Railroad*, 157 Mass. 489, and cases cited.

The right is in the nature of an equitable restriction over land of the defendant arising by contract, which in effect establishes a quasi easement respecting the perpetual use and enjoyment of real estate. The case is well within the authority of *Bailey* v. *Agawam National Bank*, 190 Mass. 20, as to the nature and extent of the right created. The facts show a violation by the defendant of this right. It is in the nature of an easement appurtenant to the estate of the plaintiffs of an equitable servitude upon the estate of the defendant. As has been shown, no remedy at law is open. The rights and obligations in essence do not differ materially from those enforced in equity. Even though the plaintiffs' right is founded in contract, specific performance of contracts when no other adequate remedy can be afforded is a familiar ground of equitable relief. Obligations in the nature of servitudes are protected in equity where there is no personal duty. The situation is one for which the remedy granted by equity is peculiarly apt. No reason appears why it should not be given. In this respect also *Bailey* v. *Agawam National Bank*, 190 Mass. 20, is an authority. *Whittenton Manuf. Co.* v. *Staples*, 164 Mass. 319, 328. *Gray* v. *Kelley*, 194 Mass. 533. *Peck* v. *Conway*, 119

Mass. 546. *Smith* v. *Smith*, 148 Mass. 1, 5. *Nash* v. *New England Mutual Life Ins. Co.* 127 Mass. 91, 97. Equitable relief would be complete and extend not only to the reopening of the way, but to the ascertainment of damages accrued in the past. *Downey* v. *Hood & Sons*, 203 Mass. 4, 11.

It follows that the plaintiffs must fail in this form of action. If before the entry of final judgment a motion should be filed to amend into a suit in equity, its disposition would be within the discretion of the Superior Court. *Merrill* v. *Beckwith*, 168 Mass. 72, 74.

*Exceptions overruled.*