HERBERT M. PLIMPTON & others *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Norfolk.    March 24, 25, 1915. — August 3, 1915.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Deed,* Construction.    *Contract,* What constitutes, Construction.    *Railroad.*
*Practice, Civil,* Refusal of request for ruling.    *Words,* "Maintain."

A deed of land to a railroad corporation by the proprietors of a manufacturing
    establishment, which was given in consideration of an agreement of the rail-
    road corporation, recited that agreement as follows: "As a part of the con-
    sideration for this conveyance said Railroad Company, for itself and its
    successors and assigns, agrees to maintain a connection from the line and
    tracks of said railroad to a certain track now built on a trestle adjacent to the
    manufacturing establishment on the adjoining land of said grantors, and to
    maintain said trestle and the track thereon so long as the said connection

---

does not interfere with the proper development of the Railroad Company." In an action against the railroad corporation for failing to keep the trestle in repair, there was no evidence that the conditions had changed in any way since the deed was given, and the trial judge found for the plaintiff. *Held*, that the finding was warranted, the defendant by accepting the deed having bound itself to perform the agreement to maintain the trestle under the conditions named which still existed.

In an agreement by a railroad corporation "to maintain said trestle and the track thereon" connecting with a manufacturing establishment, the words "to maintain said trestle" mean to keep up the trestle in a state of strength sufficient to perform the functions obviously required of it by the other terms of the contract, although in the same sentence the word "maintain" is used in a different sense in a stipulation of the railroad corporation "to maintain a connection from the line and tracks of said railroad" to the track on the trestle.

The failure of a judge before whom a case is tried without a jury to pass upon a request for a ruling is equivalent to a refusal to make the ruling.

RUGG, J. C.   This is an action to recover the cost of rebuilding a trestle. The controversy is whether the obligation to maintain the trestle rested upon the defendant. All objections as to the form of the action have been waived. It also has been agreed that "the present parties have succeeded to all the rights and liabilities of their predecessors" and hence no question as to parties has been raised or argued. In this opinion the parties and their predecessors without discrimination will be referred to as the plaintiff and the defendant.

In May, 1897, a contract was made whereby the defendant agreed to construct a trestle and lay thereon a track connected with its railroad upon land of the plaintiff, and the plaintiff in consideration thereof "without further compensation" agreed to convey to the defendant a certain tract of land. By deed poll dated a little more than four years and four months later, the plaintiff conveyed the land described in the contract, the deed being recorded about eight months after its date. The deed contained this clause:

"As a part of the consideration for this conveyance said Railroad Company, for itself and its successors and assigns, agrees to maintain a connection from the line and tracks of said railroad to a certain track now built on a trestle adjacent to the manufacturing establishment on the adjoining land of said grantors, and to maintain said trestle and the track thereon so long as the said connection does not interfere with the proper development of the Railroad Company land for purposes of said railroad

and the business done in connection with said railroad upon said track upon said trestle is sufficient to properly remunerate the Railroad Company for and warrant the maintenance of said connection."

There was a trial before a judge of the Superior Court,* who found in favor of the plaintiff. The case comes here on the defendant's exceptions to the finding and to the refusal of certain requests for rulings.

No contention is made that the conditions named in the deed arose which would relieve the defendant from the performance of whatever duty rested upon it, if any. The defence in substance is that no enforceable contract was made obligating the defendant to maintain the trestle.

1. The general finding for the plaintiff was warranted by the evidence. The agreement to maintain the trestle, being in a deed poll not signed by the grantee, was not a covenant. *Childs* v. *Boston & Maine Railroad*, 213 Mass. 91. But acceptance of the deed by the grantee made it the mutual contract of the parties and the law implied a promise by the defendant to perform the stipulation. *Maine* v. *Cumston*, 98 Mass. 317, 320. *Locke* v. *Homer*, 131 Mass. 93, 102. *Hathaway* v. *Hathaway*, 159 Mass. 584. It is expressly stated that the agreement by the railroad company to maintain the trestle was "a part of the consideration for this conveyance." Acceptance by the grantee of the deed containing this clause was evidence from which it might have been found to be a true statement of the fact. Such an inference is not forbidden by the sentence in the exceptions that "There was no evidence that between the date of the agreement and the delivery of the deed the parties made any further contract with reference to the subject matter or that the conditions changed in any way." This must mean no evidence other than the deed, for that with its stipulation was in evidence. It is conceivable that the written instrument of 1897 by mistake or otherwise did not express the real agreement of the parties and that the correction was made in the deed of 1901. In any event, the deed itself was sufficient to support the

---

* *Raymond*, J. Among the requests for rulings that were refused by the judge were requests for rulings, that the plaintiff was not entitled to recover, and that the railroad corporation did not agree to maintain the trestle in the sense that it agreed to bear the expense of all repairs on the trestle.

inference of consideration.  The finding for the plaintiff indicates that this inference was drawn by the trial judge and it will not be set aside unless shown by the record to be without support. *Bailey* v. *Marden,* 193 Mass. 277.

2. The agreement was "to maintain" the trestle and track so long as certain conditions obtained.  In this connection "maintain" means to keep up in a state of strength sufficient to perform the functions obviously required of it by the other terms of the contract.  The word conveys the notion of continuance of conditions. The defendant was bound to make whatever expenditures were required to this end.  The agreement to maintain the trestle is in addition to the one to maintain the connection from the tracks of the defendant to those on the trestle.  The two do not mean the same thing.  See *Boston, petitioner, ante,* 468.

3. There is no ambiguity in the stipulation assumed by the defendant by acceptance of the deed.  It is plain and obligates the defendant to maintain the track and trestle, as well as the connection with other tracks.

4. The failure of the judge to pass on certain of the defendant's requests for rulings was equivalent to a refusal.  *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 17.

It follows from what has been said that there was no error of law in the refusals to rule, in the rulings made, or in the general finding for the plaintiff.

*Exceptions overruled.*

*A. W. Blackman,* for the defendant.

*E. G. Loomis,* for the plaintiffs, was not called upon.