THAYER-FOSS COMPANY *vs.* CITY OF WOBURN.

Middlesex.    November 13, 1929. — November 25, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Deed*, Acceptance, Recording, Construction. *Contract*, What constitutes, Construction.

Following a taking by a city of a strip of land for a sewer, the owners of the land executed a deed of release, duly recorded in the registry of deeds, in which they released the city from all claims for damages arising out of the taking and which provided, "It is hereby mutually agreed by us and said City (the assent of the City being evidenced by its acceptance of this instrument) that there shall be no obligation upon the part of ourselves or our heirs and assigns to keep said sewer upon our said estate in repair and in good order, or to make any compensation for its use." The Commonwealth subsequently, under St. 1895, c. 488, took the interest of the city in such land, and later conveyed such interest to a second city. The second city assessed taxes for the use of the sewer to a successor in title of the land owners, which were paid under protest. In an action of contract against the second city to recover the amount of such taxes, it was *held*, that

(1) The second city acquired the sewer subject to the obligations assumed by the first city;

(2) Although the deed of release by the plaintiff's predecessor was merely a deed poll, the first city, by accepting it, became bound by the clause therein relating to use of the sewer by the plaintiff's predecessor free of charge;

(3) The deed having been recorded, that clause was binding in equity on the defendant and in equity inured to the benefit of the plaintiff;

(4) The plaintiff was entitled to rely on that clause in this action;

(5) The plaintiff was entitled to recover.

CONTRACT. Writ dated March 30, 1926.

The action was heard in the Superior Court by *F. T. Hammond*, J., upon an agreed statement of facts. The deed of release from Skinner, True and Blake to the city of Boston, whereby they released the city from all claims for damages arising out of the taking of July 31, 1877, was duly recorded in the registry of deeds. Other material facts are stated in the opinion. The judge denied the following requests by the plaintiff for rulings:

"1. On all the evidence contained in the agreed statement of facts the plaintiff is entitled to a finding in its favor.

"2. On the agreed statement of facts as a matter of law the plaintiff is entitled to a finding in its favor.

"3. The city of Woburn on December 22, 1921, when it purchased the land, title and rights to the sewer in question from the metropolitan commission, as shown in article 8 of the agreed statement of facts became the owner of only the right, title and interest that the grantor had on that date, subject to the agreement or clause, 'It is hereby mutually agreed by us and said City (the assent of the City being evidenced by its acceptance of this instrument) that there shall be no obligation upon the part of ourselves or our heirs and assigns to keep said Sewer upon our said estate in repair and in good order, or to make any compensation for its use' as shown in the deed attached to the agreed statement of facts, being Skinner *et als.* to the city of Boston.

"4. The agreement in the deed of James Skinner *et al.* to the city of Boston 'It is hereby mutually agreed by us and said City (the assent of the City being evidenced by its acceptance of this instrument) that there shall be no obligation upon the part of ourselves or our heirs and assigns to keep said Sewer upon our said estate in repair and

in good order, or to make any compensation for its use' is still in effect and binding upon the city of Woburn.

"5. Even though the city of Woburn since it purchased the sewer in question has used the same in whole or in part as a public sewer is still bound by the agreement or clause in the Skinner *et al.* deed as to the sewer's use and compensation for the sewer's use.

"6. On all the evidence and the law the plaintiff is entitled to a finding in its favor in accordance with its declaration."

The judge found for the defendant and the plaintiff alleged exceptions.

The case was submitted on briefs.

*R. P. Dellinger,* for the plaintiff.

*S. S. Bean,* City Solicitor, for the defendant.

CROSBY, J. This is an action of contract to recover taxes paid by the plaintiff under protest for the use of a sewer. The agreed facts so far as material are as follows: Previous to the year 1875 the plaintiff's grantors' predecessors in title, Skinner, True and Blake, who were tanners, discharged sewerage into the headwaters of Mystic Pond. At that time the city of Boston was using Mystic Pond as a source of water supply. On July 31, 1877, the city of Boston purported to make a taking of a strip of land owned by Skinner, True and Blake, containing two thousand seven hundred fifty-two square feet, for the construction of the Mystic Valley sewer. Before the taking was completed on August 13, 1879, the city agreed with the owners, by the acceptance of a deed of release executed by them to the city as follows: "It is hereby mutually agreed by us and said City (the assent of the City being evidenced by its acceptance of this instrument) that there shall be no obligation upon the part of ourselves or our heirs and assigns to keep said sewer upon our said estate in repair and in good order, or to make any compensation for its use." On January 1, 1898, the Commonwealth of Massachusetts, acting under the authority of St. 1895, c. 488, made a taking for its metropolitan water works of "all the property, right, title and interest of the City of Boston in the

lands and water hereinafter described, and all its easements in said lands . . . hereby taking only the estates, easements, rights and interests of the City of Boston . . . and notwithstanding the use of any expressions hereinafter contained which might otherwise seem to indicate an intention to take a larger interest." The taking above described included the lands which the city of Boston purported to take from Skinner, True and Blake on July 31, 1877, and above referred to.

On December 22, 1921, the Commonwealth conveyed to the city of Woburn "all the right, title and interest of the said Commonwealth in or to land or rights in land in the said City of Woburn taken or acquired by said Commonwealth from the City of Boston by taking dated January 1, 1898 . . . ."

During the year 1925 the defendant assessed the plaintiff (a successor in title of Skinner, True and Blake) taxes for the use of the sewer in question totalling $356.80, which the plaintiff paid under protest, and has brought this action to recover the amount so paid.

The city of Woburn purchased the sewer subject to the obligations assumed by the city of Boston when it accepted the deed from Skinner, True and Blake. The obligations so assumed were created by the recitals in the deed that "It is hereby mutually agreed by us and said City (the assent of the City being evidenced by its acceptance of this instrument) that there shall be no obligation upon the part of ourselves or our heirs and assigns to keep said sewer upon our said estate in repair and in good order, or to make any compensation for its use." The taking by the Commonwealth from the city of Boston in 1898 was only of "the estates, easements, rights and interests of the City of Boston." The Commonwealth deeded to the city of Woburn only the right, title and interest of said Commonwealth in or to land or rights in land in the said city of Woburn taken or acquired by said Commonwealth from the city of Boston by taking dated January 1, 1898. Although this clause is in a deed poll and not in the form of covenant signed and sealed by the grantee, yet by the

acceptance of the deed the grantee was bound by its terms. It is plain that the above provision in the deed for the benefit of the grantors was a substantial if not the entire consideration for the conveyance. It expressed an intent that the grantors should not pay any compensation for the use of the sewer. It is not a covenant running with the land, *Kennedy* v. *Owen*, 136 Mass. 199, but is a contract occurring in a deed, and, as it is a matter of record, is binding in equity upon the defendant city which now owns the sewer. It inured not only to the benefit of the grantors but in equity to their successors in title. The case is covered in principle by what was decided in *Childs* v. *Boston & Maine Railroad*, 213 Mass. 91, 93, 94, and cases cited. See also *King* v. *Wight*, 155 Mass. 444; *Willets* v. *Langhaar*, 212 Mass. 573; *New York Central & Hudson River Railroad* v. *Clarke*, 228 Mass. 274; *Atlantic Dock Co.* v. *Leavitt*, 54 N. Y. 35, 40.

The contention of the defendant that if the plaintiff is entitled to enforce the obligations in the deed its remedy is in equity cannot be sustained. *Kennedy* v. *Owen, supra*, cited by the defendant, is not applicable to the facts in the case at bar. It follows that the plaintiff is not liable for the taxes assessed and is entitled to maintain this action. The plaintiff's requests for rulings in substance should have been granted.

*Exceptions sustained.*