RALPH MAYO *vs.* GEORGE C. DEARBORN.

Cumberland.     Opinion January 18, 1933.

*Connolly & Welch*, for plaintiff.
*Edgar F. Corliss*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, JJ.

DUNN, J. This case was reserved in the Superior Court for decision by this Court on a report of the evidence.

The warranty deed, dated December 20, 1912, and duly recorded, made by Isaphine Mains to George C. Dearborn (the defendant), conveyed the northerly part of a lot of land in Naples, Maine, which the grantor owned, together with the right to supply the granted premises (by means of an existing aqueduct), with water from a spring or fountain on still other land, with easement to the fountain for the purpose of making repairs. Then, in the granting part of the deed, and before the habendum, are the following words: "but reserving for the benefit of my premises southerly of the premises herein conveyed the right to take and have water conducted to my said premises remaining as the same now exist by way of·the premises herein conveyed in the way and manner now conducted, said Dearborn, his heirs and assigns to keep in repair and good order said fountain and the aqueduct leading to the premises herein conveyed and the tub or receptacle therein furnishing water for my said premises still by me owned and retained said grantor reserving the right of entry for the purpose of repairing the aqueduct leading from said tub or receptacle to said premises not herein conveyed."

The foremost question in the case is whether the quoted language, so far as it relates to keeping the fountain, aqueduct and tub in

repair, created a right, for the violation of which, in the period of his ownership, the plaintiff — an owner by purchase from the grantor's heirs of the real estate, the title to which she retained — can take advantage at law.

The answer must be in the negative.

The stipulation in the deed poll, not being in the form of a technical covenant, sealed by the grantee, is not a covenant running with the land; and no action of assumpsit may be maintained by the plaintiff, notwithstanding that title traces to him from her whose deed contains the provision in question. *Maine* v. *Cumston,* 98 Mass., 317; *Martin* v. *Drinan,* 128 Mass., 515; *Kennedy* v. *Owen,* 136 Mass., 199; *Childs* v. *Boston & Maine Railroad,* 213 Mass., 91, 99 N. E., 957; *Johnson* v. *Muzzy,* 45 Vt., 419.

The deed embodies in form an agreement, the promise of the grantee being the simple one implied by law from his acceptance of the instrument, and claim of ownership thereunder. *Maine* v. *Cumston,* supra; *Bronson* v. *Coffin,* 108 Mass., 175, 186; *Locke* v. *Homer,* 131 Mass., 93, 102; *Plimpton* v. *New York, N. H., & H. R. R. Co.,* 221 Mass., 548; *Winthrop* v. *Fairbanks,* 41 Me., 307; *Baldwin* v. *Emery,* 89 Me., 496, 498, 36 A., 994; *Harvey* v. *Maine Condensed Milk Co.,* 92 Me., 115, 119, 42 A., 342. The promise was not merely to the grantor for her lifetime, but looked ahead. It was intended to be in perpetuity, for the benefit, as the deed itself expressed it, of her (grantor's) premises. *Bailey* v. *Agawam National Bank,* 190 Mass., 20, 76 N. E., 449.

Generally, where there is no personal duty, obligations of this nature are protected, beyond the immediate contracting parties, in equity. *Whitney* v. *Union Railway Co.,* 11 Gray, 359, 363; *Bailey* v. *Agawam National Bank,* supra; *Childs* v. *Boston & Maine Railroad,* supra; *Lorando* v. *Gethro,* 228 Mass., 181, 188, 117 N. E., 185. Equitable relief, when appropriate, views the future, and ascertains as well the damages accrued in the past. *Downey* v. *Hood,* 203 Mass., 4, 11, 89 N. E., 24; *Childs* v. *Boston & Maine Railroad,* supra.

In the present action, the plaintiff must fail.

*Plaintiff nonsuit.*