PUTNAM FURNITURE BUILDING, INC. *vs.* COMMONWEALTH
& another.

Middlesex.   March 1, 1948. — July 6, 1948.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Contract,* Covenant, Parties. *Deed,* Acceptance, Deed poll. *Real Property,*
Covenant running with land. *Damages,* Property taken or damaged
by statutory authority. *Boston Elevated Railway Company. Metro-
politan Transit Authority. Jurisdiction,* Proceeding against Common-
wealth. *Practice, Civil,* Venue, Proceeding against Commonwealth.

The promise of support, implied from the Boston Elevated Railway Com-
pany's acceptance of a deed poll conveying to it an interest in certain
premises for subway purposes and containing a reservation "to the
owners of said premises . . . and to their heirs and assigns" of "the
right to suitable support upon said subway for the buildings now
erected or hereafter . . . erected . . . on the premises," was not a
covenant of the railway company, did not run with the land, and did
not render the company liable for failure to provide such support to a
successor in title of the grantor who acquired title to the premises and
erected a building thereon long after the company had conveyed its
entire interest in the premises and the subway to the Commonwealth.

The provision of St. 1906, c. 520, § 8, requiring the Boston Elevated
Railway Company to pay "all damages to or for property taken or
injured by it in any work done in or in connection with any subway
construction under authority of this act," did not render the com-
pany liable in damages to one who, many years after a taking by the
company under c. 520 of an interest for subway purposes in certain
premises and after the completion of construction of the subway
therein, acquired title to such premises and erected thereon a building
which lacked suitable support because of the presence of the subway.

Under G. L. (Ter. Ed.) c. 258, § 2, a petition against the Commonwealth
based upon a claim for more than $2,000, erroneously brought in a
county other than Suffolk, could not be transferred to Suffolk County
and must be dismissed without prejudice to the filing of a new petition
in Suffolk County.

PETITION, filed in the Superior Court on August 14, 1946.
The case was heard by *Good,* J.

*E. O. Proctor, (C. M. Goldman* with him,) for the petitioner.

*W. S. Kinney,* Assistant Attorney General, for the Com-
monwealth.

*J. P. Sullivan,* for Metropolitan Transit Authority.

QUA, C.J.   This petition was originally brought against the Commonwealth alone.   Later, on motion of the petitioner, Boston Elevated Railway Company was added as a respondent.   Later still, after the Metropolitan Transit Authority created by St. 1947, c. 544, took over the assets of the Boston Elevated Railway Company, the authority was substituted for the railway company as a respondent. St. 1947, c. 544, § 20.

The allegations of the petition are in substance these: The petitioner is the owner in fee simple of a parcel of land on Massachusetts Avenue in Cambridge.   On February 17, 1910, the Boston Elevated Railway Company, acting under St. 1906, c. 520, recorded a taking for itself for subway purposes of an estate in said parcel, reserving to the owners certain rights of support (particularly described in the petition and fully stated later in this opinion).   On November 7, 1912, a person named Moore and others, then owners of the land, gave a deed to the railway of the part taken. This deed (described later in this opinion) contained a similar reservation.   On May 1, 1920, the railway conveyed to the Commonwealth the said subway, including all right, title and interest of the railway in all land upon which said subway and its appurtenances are located.   (See St. 1919, c. 369.)   The petitioner has erected upon its parcel a building in conformity with law and with the ordinances and requirements of the city of Cambridge.   "As a result of the said taking and the construction of the said subway, suitable support was not afforded for the said building, as was required by the terms of the said taking and provided for by the terms of the aforesaid deed."   The petitioner has been put to great expense in providing suitable support for said building and has been damaged in losing the use of the premises while providing support.   The petitioner prays that a trial be had and that its damages be determined "in accordance with the statutes in such cases made and provided."

Each of the present respondents insists upon its motion to dismiss the petition on the grounds (1) that no case is stated and (2) that the proceeding was not seasonably brought under St. 1906, c. 520, § 8.   The Commonwealth

adds the ground that the proceeding was not seasonably brought under G. L. (Ter. Ed.) c. 258.  See c. 260, § 3A, inserted by St. 1943, c. 566, § 1.  The Metropolitan Transit Authority adds the ground that the proceeding was not seasonably brought under G. L. (Ter. Ed.) c. 79, § 16, as amended.  The petitioner moved that the cause be transferred from the county of Middlesex in which it is pending to the county of Suffolk on the ground that the amount claimed exceeded $2,000.  G. L. (Ter. Ed.) c. 258, § 2. When the three motions just described came on for hearing, it was agreed that copies of the taking by the railway and of the deed from Moore and others to the railway should be treated as if made part of the petition and also, for the purposes of the hearing, that the petitioner acquired its title to the land on April 2, 1946, and that its erection of a building thereon proceeded thereafter and was completed in that year.  The trial judge denied the motion to dismiss of the Commonwealth and allowed that of the Metropolitan Transit Authority.  He also allowed the petitioner's motion for transfer to the county of Suffolk.  He has now reported these interlocutory orders for determination by this court before further proceedings in the trial court.  G. L. (Ter. Ed.) c. 231, § 111.

It is obvious that the parties have adopted a procedure of their own choice, to which, however, there appears no valid objection.  All have assented to it, and the trial judge has proceeded in accordance with it, with the result that certain questions of law have been presented to us which ought to be decided before further proceedings are had.   In substance the motions to dismiss, taken in connection with the agreement as to facts at the hearing on the motions, are equivalent to demurrers to the petition with a stipulation that the petition be treated as amended so as to include the agreed facts.  Without further consideration of the technical correctness of the procedure adopted, we deal with the issues presented.  *Marsch* v. *Southern New England Railroad,* 230 Mass. 483, 491–492.  *Johnson* v. *Johnson,* 303 Mass. 204, 206.

Both the taking by the railway in 1910 and the deed

from Moore and others, the petitioner's predecessors in title, to the railway in 1912 describe the real estate taken or conveyed (following the wording of St. 1906, c. 520, § 4) as an easement or limited estate or right in land for the location, construction, maintenance and support of a subway with its appurtenances under the act and the use of such subway, with its appurtenances, for all lawful purposes. Each instrument describes the land taken or conveyed as a part or section below the surface particularly bounded by horizontal and vertical planes. Each instrument, after the description of the land taken or conveyed, contains a reservation in these words, "But reserving to the owners of said premises within which the easements or limited estates or rights hereinabove described are taken, and to their heirs and assigns, the right to suitable support upon said subway for the buildings now erected or hereafter altered or erected in conformity with law and with the ordinances [in the deed the word is "ordinance"] and requirements of the City of Cambridge, on the premises in which said easements or limited estates or rights in land are taken, or to the equivalent of such support, provided that there shall be no obstruction to or interference with the use for the purposes of said Act of the part or section in which said easements or limited estates or rights are taken, nor injury to said subway or appurtenances." Each instrument carries a certificate showing its recording shortly after its date.

Both the taking by its terms and the deed by its habendum run to the railway and "its successors and assigns." It seems immaterial which of these instruments is considered determinative of the rights in the land acquired by the railway and those reserved to the landowners, but, if there is any difference, it would seem that, in accordance with the implications of *White* v. *New York & New England Railroad,* 156 Mass. 181, we should proceed on the theory that the deed governs. See *Hamlin* v. *New York & New England Railroad,* 160 Mass. 459, 461.

On the facts appearing the Metropolitan Transit Authority is not liable. The only ground on which it could be

contended that this respondent is liable is as a successor by virtue of St. 1947, c. 544, § 5, to some liability of the railway. That section provides in part that the assets of the railway shall "be and become vested in the authority," and "all the then outstanding indebtedness and liabilities of the company" (railway) shall by virtue of the act be assumed by the authority. But the railway does not appear to have been at that time under any liability to the petitioner. The promise of support implied by the railway's acceptance of a deed poll from the petitioner's predecessors in title was not, under the law of this Commonwealth, a covenant of the railway and does not run with the land so as to render the railway liable on that promise to the petitioner.[1] *Maine* v. *Cumston,* 98 Mass. 317, 320. *Martin* v. *Drinan,* 128 Mass. 515. *Kennedy* v. *Owen,* 136 Mass. 199, 201. *Childs* v. *Boston & Maine Railroad,* 213 Mass. 91, 93. *Nutter* v. *Mroczka,* 303 Mass. 343, 344–345.

The railway did not become liable to the petitioner by virtue of any provision of St. 1906, c. 520, under which in 1910 it took land of the predecessors in title of the petitioner for which it received their deed in 1912. Section 8 of that act provided that the railway should pay "all damages to or for property taken or injured by it in any work done in or in connection with any subway construction under authority of this act"; but this is merely the usual provision for damages caused to property taken or injured in carrying out a public work. Presumably these damages were adjusted at the time of the taking or of the giving of the deed. There is nothing to show that failure to provide support for a new building in 1946 was an injury to property "in any work done in or in connection with any subway construction" under the statute of 1906. No subway construction was going on in 1946. If the petitioner meant to allege that because of the presence of the subway its land was less capable of carrying weight than as if the subway had never been constructed, that was an injury done by the original construction of the subway and, except

---

[1] Doubtless a similar rule applies to a promise contained in an instrument of taking which, like that in the present case, is not a sealed instrument.

as covered by agreement, could have been included in damages then recoverable for the taking. Moreover, the petitioner was not an owner at the time of the taking and acquired no right to damages resulting from the taking. *Cornell-Andrews Smelting Co.* v. *Boston & Providence Railroad,* 209 Mass. 298, 305. *Howland* v. *Greenfield,* 231 Mass. 147, 148. *Barnes* v. *Springfield,* 268 Mass. 497, 505–506. But it is plain that the petitioner did not mean to rest its case upon any damage sustained as a result of the taking. The landowners and the railway at the time of the taking and of the deed attempted to define the extent of the interests in the land acquired by the railway and its obligation with respect to future support. It is a breach of this obligation extending into the future to which the petitioner refers when it alleges that "suitable support was not afforded for the said building, *as was required by the terms of the said taking and provided for by the terms of the aforesaid deed*" (italics ours). As already shown, however, the petitioner was not a party to this obligation, and did not even acquire its title until over a quarter of a century after the railway had conveyed all its interest in the subway to the Commonwealth. Moreover, it does not appear that there was any breach of this obligation by the railway at any time while the railway owned the subway and was in a position to perform the obligation.

For similar reasons which need not be restated in detail the railway never became liable under §§ 14, 16 as amended, of G. L. (Ter. Ed.) c. 79, the general eminent domain statute. Besides, there was no taking under that statute. It follows that the petition was rightly dismissed as to the Metropolitan Transit Authority.

The same reasoning and other considerations as well lead to the result that the Commonwealth is not liable either under the statute of 1906 or under c. 79 of the General Laws.

There is, however, substantial ground for an argument that the reservation in the deed of 1912, although not a covenant running with the land, did create in equity a servitude upon the railway's interest in the land which would bind successors in title of the railway who took with

notice to the active duty of providing support for buildings lawfully erected upon the petitioner's land; that the Commonwealth, taking with notice because of the recording of the deed, became bound to this duty, which, if the Commonwealth were a natural person, could be enforced against it in equity on the theory of requiring specific performance of an affirmative equitable obligation. [1]   Although we know of no way in which a court can compel the Commonwealth specifically to perform an obligation, except one for the payment of money, yet if an affirmative obligation to support the petitioner's building rested upon the Commonwealth as holder of the title to the subway and the Commonwealth failed to perform that duty until the petitioner was obliged itself to provide the support, so that it became impossible for the Commonwealth to provide it, it may be that a right to recover the money loss arose which would constitute a "claim" against the Commonwealth within G. L. (Ter. Ed.) c. 258, recoverable in money as provided in § 3 of that chapter as revised by St. 1932, c. 180, § 41.

These are questions of difficulty, and we intimate no opinion upon them, since we can see no way in which the present petition can be maintained against the Commonwealth. It is axiomatic that the Commonwealth can be held answerable in its own courts only to the precise extent and in the precise manner to and in which it has submitted itself to their jurisdiction by statute. *Nash* v. *Commonwealth,* 174 Mass. 335, 338. *McArthur Brothers Co.* v. *Commonwealth,* 197 Mass. 137, 138. *Glickman* v. *Commonwealth,* 244 Mass. 148. *Arthur A. Johnson Corp.* v. *Commonwealth,* 306 Mass. 347, 349. It is stated in G. L. (Ter. Ed.) c. 258, § 2, in unqualified terms that "If the amount claimed exceeds two thousand dollars, the petition shall be brought

---

[1] See *Bronson* v. *Coffin,* 108 Mass. 175; *Whitney* v. *Union Railway,* 11 Gray, 359; *Norcross* v. *James,* 140 Mass. 188, 190; *Middlefield* v. *Church Mills Knitting Co.* 160 Mass. 267; *Whittenton Manuf. Co.* v. *Staples,* 164 Mass. 319; *Bailey* v. *Agawam National Bank,* 190 Mass. 20, 23; *Childs* v. *Boston & Maine Railroad,* 213 Mass. 91, 94; *Miles* v. *Boston, Revere Beach & Lynn Railroad,* 274 Mass. 87, 91–92; *Everett Factories & Terminal Corp.* v. *Oldtyme Distillers Corp.* 300 Mass. 499; Giddings, Restrictions upon the Use of Land, 5 Harv. L. Rev. 275; 18 Harv. L. Rev. 214; Tiffany, Real Property (3d ed.) § 859, at page 481; Pomeroy, Equity Jurisprudence (5th ed.) § 1295, at pages 851–852.

in Suffolk county. . . .." The petition in this case was brought in Middlesex County. The petitioner's motion to transfer it to Suffolk expressly states that the amount claimed does exceed $2,000. Thus the petitioner states its own violation of the statutory requirement. The difficulty is not met by reference to G. L. (Ter. Ed.) c. 223, § 15, whereby in ordinary actions authority is given to the court to transfer from an erroneous venue to a correct one. Proceedings on petitions against the Commonwealth are not governed by c. 223, or by other procedural incidents of ordinary law suits between individuals which conflict with c. 258. The requirements of that chapter cannot be evaded. In *McArthur Brothers Co.* v. *Commonwealth,* 197 Mass. 137, at page 141, in holding that an auditor could not be appointed in cases under the predecessor of that chapter because the statute then provided without qualification that all hearings must be held in open court, this court said that the statute, taken as a whole, "indicates an intent on the part of the Legislature to create a special tribunal composed of trained and experienced judicial servants, sitting, when large amounts are involved, in the capital of the State, to deal with this peculiarly important class of claims, which is not comprehended within any general classification of actions, under an unusual form of procedure. Under such circumstances only those incidents of ordinary practice, which are expressly set forth or follow by necessary implication, attach to the procedure." The Legislature has said that petitions in which the amount claimed exceeds $2,000 "shall be brought in Suffolk county" — not transferred to that county after officers of the State have been obliged to attend elsewhere in order to raise the objection. We understand that the ground here taken was the precise ground of the decision in *Flagg* v. *Bradford,* 181 Mass. 315, 316.

The order dismissing the petition as to the Metropolitan Transit Authority is affirmed. The order transferring the petition to Suffolk County is reversed, and although the Commonwealth's motion to dismiss did not take the ground that the petition could not be first filed in Middlesex County, in the view we take dismissal is inevitable for that reason,

and the petition is therefore to be dismissed as to the Commonwealth but without prejudice to the filing of a new petition against the Commonwealth alone in Suffolk County.

*So ordered.*